# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00297-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY & | § | |
| VICTOR J. BOSCHINI, JR., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Unopposed Motion to Proceed Under a Pseudonym (ECF No. 4), filed April 12, 2022. Generally, plaintiffs must disclose their names in the instrument they file to commence a lawsuit. Fed. R. Civ. P. 10(a). Sometimes, that requirement must yield "to a policy of protecting privacy in a very private matter." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A 1981) (citation and internal quotation marks omitted). Courts consider whether (1) the plaintiff seeking anonymity is challenging governmental activity; (2) the plaintiff must disclose information "of the utmost intimacy" to prosecute the suit; and (3) the plaintiff will be compelled to admit his intention to engage in illegal conduct. *Id.* For example, "[w]here the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (cleaned up).

The parties fear that "[i]f Plaintiff is not permitted to proceed anonymously, both Plaintiff's and Jane Roe's identity would be revealed in subsequent media attention to this lawsuit." Mot. 2, ECF No. 4. But "[t]he threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Stegall*, 653 F.2d at 186. Plaintiff also argues that "[t]he balancing of the interests under *Stegall* weighs in favor" of permitting Plaintiff to proceed pseudonymously. *Id.* But Plaintiff provides no analysis explaining why that is so. And although Plaintiff cites cases in which courts have allowed similar plaintiffs to proceed pseudonymously, many other courts have denied those requests.[1]

Accordingly, the Court **ORDERS** the parties to brief whether the Court should permit Plaintiff to proceed pseudonymously. The parties may file jointly or separately, but in either case must address the concerns raised in this Order. The brief (or briefs) are due **April 27, 2022**.

**SO ORDERED** this **14th day** of **April, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, *Doe v. W. New England Univ.*, No. CV 3:19-30124, 2019 WL 10890195 (D. Mass. Dec. 16, 2019); *Doe v. Mass. Inst. of Tech.*, No. 1:21-cv-12060 (D. Mass. Dec. 21, 2021); *Doe v. Cornell Univ.*, No. 5:15-cv-0322 (N.D.N.Y. Mar. 25, 2015); *Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2015 WL 5177736 (N.D.N.Y. Sept. 4, 2015); *Doe v. Rider Univ.*, No. CV 16-4882, 2018 WL 3756950 (D.N.J. Aug. 7, 2018). *Doe v. Princeton Univ.*, No. 19-cv-7853, 2019 WL 5587327, (D.N.J. Oct. 30, 2019); *Doe v. Princeton Univ.*, No. 20-cv-4352, 2020 WL 3962268 (D.N.J. July 13, 2020); *Doe v. Temple Univ.*, No. 14-cv-04729, 2014 WL 4375613 (E.D. Pa. Sept. 3, 2014); *K.W. v. Holtzapple*, 299 F.R.D. 438, 442 (M.D. Pa. 2014); *Doe v. Rollins Coll.*, No. 6:16-cv-2232, 2017 WL 11610361 (M.D. Fla. Mar. 22, 2017); *Doe v. Univ. of Louisville*, No. 3:17-cv-00638, 2018 WL 3313019 (W.D. Ky. July 5, 2018); *Student PID A54456680 v. Mich. State Univ.*, No. 1:20-cv-984, 2020 WL 12689852 (W.D. Mich. Oct. 15, 2020); *Ayala v. Butler Univ.*, No. 1:16-cv-1266 (S.D. Ind. Jan. 8, 2018); *Doe v. Valencia Coll.*, No. 6:15-cv-1800, 2015 WL 13739325 (M.D. Fla. Nov. 2, 2015); *Doe v. Samford Univ.*, No. 2:21-cv-00871, 2021 WL 3403517 (N.D. Ala. July 30, 2021).