## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-00297** |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY and** | § | **JURY TRIAL DEMANDED** |
| **VICTOR J. BOSCHINI, JR., in his official** | § | |
| **capacity,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT TEXAS CHRISTIAN UNIVERSITY'S ORIGINAL ANSWER
### TO PLAINTIFF JOHN DOE'S FIRST AMENDED COMPLAINT

Defendant Texas Christian University files its Original Answer to Plaintiff John Doe's First

Amended Complaint (ECF No. 43) and, in support, shows the Court as follows:

### I.      INTRODUCTION

1.      Defendant admits that Plaintiff has brought this action under 20 U.S.C. 1681, et

seq. ("Title IX") and for breach of contract.  The remaining allegations in paragraph 1 consist of

Plaintiff's legal conclusions to which no response is required.  To the extent a response is required,

Defendant denies the remaining allegations in paragraph 1 and denies that Plaintiff is entitled to

the relief requested therein.

2.      Defendant denies the allegations in paragraph 2.  Defendant denies that it engaged

in a biased application of Title IX or that Plaintiff is a victim of any sort of sex discrimination.

Rather, pursuant to TCU's policies prohibiting sexual misconduct, student Jane Roe made two

allegations of sexual misconduct against Plaintiff.  Following an approximately seventeen-hour

hearing in which Plaintiff was actively represented by counsel and that was chaired by a retired

judge, Plaintiff was found responsible for engaging in prohibited sexual misconduct for one of the

allegations and not responsible for the other.  Notably, the one responsibility finding against Plaintiff was largely based on his own written statements, which included the following: "it was difficult for me hearing that i am a rapist again but it is true and i am very sorry for the pain that that has caused you."

3.      Defendant admits the first sentence of paragraph 3.  Defendant admits Plaintiff is on a Dean's scholarship but is without knowledge or information sufficient to form a belief concerning what Plaintiff intends to do.  Defendant admits Plaintiff's GPA (not including the Spring 2022 semester) is a 3.45.  Defendant is without knowledge or information sufficient to form a belief concerning whether Plaintiff is an Eagle Scout.  Defendant is without knowledge or information sufficient to form a belief concerning whether Plaintiff has had problems with the law. Defendant denies that Plaintiff was "vindictively and falsely accused" of sexual assault.  Defendant admits Roe claimed that on August 19, 2020, Plaintiff digitally penetrated Roe's vagina without her consent while in her dorm room in Colby Hall on TCU's campus but denies that the allegation is false.  Defendant denies Roe made her complaint thirteen months after Allegation 1.

4.      Defendant admits that Roe claimed that on October 3, 2020, Doe inserted his penis in her vagina without her consent while in Austin.  Defendant is without knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 4.

5.      Defendant admits that Roe clarified the timing of her claims but denies the remaining allegations in paragraph 5.

6.      Defendant admits the allegations in paragraph 6.

7.      Defendant admits that the hearing panel suspended Doe "effective immediately" and stated that he is eligible to reenroll in classes for the 2023 Maymester but denies that the

Deliberative Report provides that such enrollment and acceptance is not guaranteed.  Defendant admits the remaining allegations in paragraph 7.

8.     Defendant admits the first two sentences of paragraph 8.  Defendant admits that Michael Russel, the Associate Vice Chancellor for Student Affairs, upheld the hearing panel's decision with respect to Allegation 1, but denies that Doe had "no choice but to file this Complaint."

<h2 style="text-align:center">II.     PARTIES</h2>

9.     Defendant admits the allegations in paragraph 9.

10.    Defendant admits the allegations in paragraph 10.

11.    Defendant admits the allegations in paragraph 11 but denies that Boschini is a proper party to this case.

<h2 style="text-align:center">III.    JURISDICTION AND VENUE</h2>

12.    The allegations in paragraph 12 contain Plaintiff's legal conclusions to which no response is required.

13.    The allegations in paragraph 13 contain Plaintiff's legal conclusions to which no response is required.

14.    The allegations in paragraph 14 contain Plaintiff's legal conclusions to which no response is required.

<h2 style="text-align:center">IV.    FACTUAL BACKGROUND</h2>

**A.     TCU's Policies**

15.    Defendant denies the allegations in paragraph 15 as drafted.  Defendant admits it has several policies that apply to students and faculty.

16.    Defendant admits the allegations in paragraph 16.

17.     Defendant admits the allegations in paragraph 17.

18.     Defendant admits the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

**B.      Doe's and Roe's Romantic and Sexual Relationship from 2018-2020**

21.     Defendant admits the allegations in paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

**C.      The Colby Hall Incident (Allegation 1)**

24.     Defendant admits that Roe and Plaintiff remained sexually active after they were "officially" broken up. Defendant is without knowledge or information sufficient to form a belief concerning whether Roe "frequently initiated" the sex.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Defendant admits Plaintiff is quoting or paraphrasing the language of a text message exchange between Roe and Plaintiff in paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief concerning whether Roe and Doe communicated "off and on most of the day" on August 19, 2020 (the date of the Colby Hall incident).  Defendant admits Plaintiff is quoting or paraphrasing the language of a text message exchange between Roe and Plaintiff in the second sentence of paragraph 27.

28.     Defendant admits Plaintiff is quoting or paraphrasing the language of a text message exchange between Roe and Plaintiff in paragraph 28.

29.     Defendant admits Plaintiff is quoting or paraphrasing the language of a text message exchange between Roe and Plaintiff in paragraph 29.

30.     Defendant admits Plaintiff is quoting or paraphrasing the language of a text message exchange between Roe and Plaintiff in paragraph 30.

31.     Defendant admits Plaintiff is quoting or paraphrasing the language of a text message exchange between Roe and Plaintiff in paragraph 31.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Defendant admits that Plaintiff slid his hands down Roe's pants.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38

39.     Defendant admits Plaintiff was told something to the effect of "we're not going to hook up today."  Defendant denies the remaining allegations in paragraph 39.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Defendant admits that Roe alleged that, while in her room, Plaintiff inserted his fingers into her vagina without her consent (Allegation 1) but denies that the allegation was false.

42.     Defendant denies that Roe has difficulty detailing the assault "because her allegation is false" and denies that the allegation was false.

43.     Defendant denies that Roe never yelled for help, attempted to run out of the room, called or texted anyone, or pushed Doe's hand off her "because her allegation is false" and denies that the allegation was false.

44.     Defendant admits part of the proof for Allegation 1 is contained in a text exchange with Plaintiff shortly after the incident where Plaintiff apologized for his behavior, admitted that he had no self-control, and admitted, "I'm one of those aren't I" in response to a text from Roe that said, "I mean self control? Like rapists say the same thing."

45.     Defendant admits Plaintiff is quoting or paraphrasing the language of a text message exchange between Roe and Plaintiff in paragraph 45 but denies that the text messages are "exculpatory."

46.     Defendant admits the allegations in paragraph 46 but denies Plaintiff's characterization of the text messages as "exculpatory."

47.     Defendant denies that understanding Plaintiff's admissions requires one to understand the pattern in which Plaintiff "handled" Roe throughout their relationship.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Defendant denies that Plaintiff admitting he was rapist "worked."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51.

52.     Defendant denies that Roe "cr[ied] rape" and deny that Plaintiff's admissions were "untrue."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52.

53.     Defendant admits the text message exchange referenced in paragraph 53 was submitted as evidence by Roe in support of her allegations.

**D.      The Austin Incident (Allegation 2)**

54.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Defendant admits Plaintiff is quoting or paraphrasing the language of Roe and Plaintiff's responses to Final Investigative Report in paragraph 59 but denies that Roe's mistake was "significant."

60.     Defendant denies the allegations in paragraph 60.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Defendant admits the allegations in paragraph 62.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     Defendant admits the allegations in paragraph 64.

65.     Defendant admits Roe testified that, of all the times she had sex with Plaintiff, she wanted to participate in about 10 percent of those encounters.  Defendant is without knowledge or information sufficient to form a belief concerning what Roe "believed" and denies that the evidence revealed this belief.

**E.      Communications, Interactions and Consensual Sex after the Austin Incident**

66.     Defendant admits Plaintiff is quoting or paraphrasing the language of text message exchanges between Roe and Plaintiff in paragraph 66.

67.     Defendant admits that Plaintiff claims Roe sent him a message via Snapchat that said, "I want to fuck you," but is without knowledge or information sufficient to form a belief concerning whether she in fact sent that message.

68.     Defendant admits Plaintiff is quoting or paraphrasing the language of a text message exchange between Roe and Plaintiff in paragraph 68 but is without knowledge or information sufficient to form a belief concerning whether Roe's Snapchat messages "frequently contradicted her text messages."

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

**F.     Roe's Jealousy and Motive to Lie**

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Defendant admits that Plaintiff took the Fall 2021 semester off from school but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     Defendant denies the allegations in paragraph 79 and denies that Roe's accusation of sexual assault was false.

**G.      Roe Files a Title IX Complaint**

80.     Defendant admits Plaintiff is quoting or paraphrasing the language of the Code in paragraph 80.

81.     Defendant admits the allegations in paragraph 81.

82.     Defendant admits the allegations in paragraph 82.

83.     Defendant admits the allegations in paragraph 83.

84.     Defendant admits the first sentence of paragraph 84.  Defendant admits Plaintiff is quoting or paraphrasing the language of the preliminary investigate report in the second sentence of paragraph 84.

85.     Defendant admits the allegations in paragraph 85.

86.     Defendant admits the first sentence of paragraph 86.  Defendant admits Plaintiff is quoting or paraphrasing the language of his response to the preliminary investigative report in the second sentence of paragraph 86.

87.     Defendant admits Doe submitted polygraph examinations for consideration but denies such examinations "further evidenced proof of Doe's innocence."

88.     Defendant admits the allegations in paragraph 88.

89.    Defendant admits Plaintiff is quoting or paraphrasing the language of Doe's response to the preliminary investigative report in paragraph 89 but denies Plaintiff's interpretation and/or characterization of the "new" details regarding the Allegations.

90.    Defendant admits the first sentence of paragraph 90.  Defendant admits Plaintiff is quoting or paraphrasing the language of the Final Investigative Report in the second sentence of paragraph 90.

91.    Defendant admits the allegations in paragraph 91.

92.    Defendant admits the allegations in paragraph 92.

93.    Defendant admits the allegations in paragraph 93.

94.    Defendant admits that Plaintiff timely submitted his response to the Final Investigative Report on January 24, 2022 but denies that the submission of "dozens of exhibits which he intended to use as rebuttal evidence" was timely.  Defendant denies that the exhibits included exculpatory text messages.

95.    Defendant denies the allegations in paragraph 95.

96.    Defendant admits the allegations in paragraph 96.

**H.    The Hearing**

97.    Defendant admits the allegations in paragraph 97 to the extent they describe Plaintiff's questions and what he did and did not contest.  Defendant denies that TCU improperly consolidated the cases.

98.    Defendant admits the allegations in paragraph 98 to the extent they describe Plaintiff and Brian Roark's position and Defendant's position.  Defendant denies that TCU improperly consolidated the cases.

99.    Defendant admits the allegations in paragraph 99.

100.     Defendant admits Plaintiff is quoting or paraphrasing the language of the Code in paragraph 100.

101.     Defendant admits the allegations in paragraph 101.

102.     Defendant denies that the hearing panelists were "essentially the 'jury'" but admits the remaining allegations in paragraph 102.

103.     Defendant denies the allegations in paragraph 103.

104.     Defendant denies the allegations in paragraph 104.

105.     Defendant admits the allegations in paragraph 105 but denies Plaintiff's characterization of the text messages as "exculpatory."

106.     Defendant admits that Judge Ruvolo excluded Plaintiff's late-submitted evidence and admits that the excluded exhibits primarily consisted of text messages, but denies the remaining allegations in paragraph 106 and denies Plaintiff's characterization of the same. Defendants further asserts that Judge Ruvolo also excluded Roe's late-submitted evidence.

107.     Defendant denies the first sentence of paragraph 107.  Defendant admits the second sentence of paragraph 107.

108.     Defendant admits the allegations in paragraph 108.

109.     Defendant admits the allegations in paragraph 109.

110.     Defendant admits the allegations in paragraph 110.

111.     Defendant admits Plaintiff is quoting or paraphrasing the language of the Policy in paragraph 111.

112.     Defendant admits Plaintiff is quoting or paraphrasing the language of the Policy in paragraph 112.

113.    Defendant admits the first sentence of paragraph 113.  Defendant admits that Judge Ruvolo drafted the Deliberative Report.  Defendant admits Reece Harty testified that he had not read the Deliberative Report and that the Deliberative Report is not shared with panel members. Defendant denies Reece Harty testified that he did not review the Deliberative Report "despite the fact that it was intended to reflect their findings and conclusions."

114.    Defendant admits the allegations in paragraph 114.

115.    Defendant admits Plaintiff is quoting or paraphrasing the language of the Deliberative Report in paragraph 115.

116.    Defendant admits the first sentence of paragraph 116.  Defendant denies there are texts from Roe in which she admits that Doe did not rape her.  Defendant denies the allegations in the third sentence of paragraph 116.

117.    Defendant denies the allegations in the first sentence of paragraph 117 and denies Plaintiff's interpretation and/or characterization of the remaining allegations in paragraph 117.

## I.    Disciplinary Process and Outcomes

118.    Defendant admits that, as the penalty, the hearing panel suspended Doe "effective immediately" and stated that he is eligible to reenroll in classes for the 2023 Maymester but denies that the Deliberative Report provides that such enrollment and acceptance is not guaranteed. Defendant admits the second sentence of paragraph 118.

119.    Defendant denies the allegations in paragraph 119 and denies that the text messages at issue "exonerated" him.

120.    Defendant denies the allegations in paragraph 120.

121.    Defendant admits Plaintiff is quoting or paraphrasing the language of the Policy but denies the remaining allegations in paragraph 121.

122.     Defendant admits Plaintiff is quoting or paraphrasing the language of the Policy in the first sentence of paragraph 122.  Defendant denies the second sentence of paragraph 122.

123.     Defendant admits the allegations in paragraph 123.

124.     Defendant admits the allegations in paragraph 124.

125.     Defendant admits the allegations in paragraph 125.

126.     Defendant admits Plaintiff is quoting or paraphrasing the language of an email sent from Dr. Ledbetter in paragraph 126 but denies Plaintiff's characterization of the same.

127.     Defendant denies the allegations in paragraph 127.

**J.     Gender Bias in Favor of Women and Accusers of Sexual Assault**

128.     Defendant denies Jessica Ledbetter played an "active" role.  Defendant denies the allegations in the second sentence of paragraph 128 as they are not based in truth, fact, or reality. Defendant further asserts that Plaintiff misconstrues and mischaracterizes Dr. Ledbetter's dissertation, which is completely unrelated to the student conduct disciplinary matter at issue.

129.     Defendant admits Plaintiff is quoting or paraphrasing the language of Dr. Ledbetter's dissertation—out of context—in paragraph 129 but denies Plaintiff's characterization of the same.

130.     Defendant admits Plaintiff is quoting or paraphrasing the language of Dr. Ledbetter's dissertation—out of context—in paragraph 130 but denies Plaintiff's characterization of the same.

131.     Defendant admits Plaintiff is quoting or paraphrasing the language of Dr. Ledbetter's dissertation in paragraph 131.

132.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 132.  Defendant admits the remaining allegations in paragraph 132.

133.    Defendant admits the first sentence of paragraph 133.  Defendant denies the remaining allegations in paragraph 133 and denies Plaintiff's characterization of the same.

134.    Defendant denies that Mr. Steidl did not explain why a no-contact order was being put in place and denies that Mr. Steidl "unilaterally" entered a no-contact order.  Defendant admits the remaining allegations in paragraph 134.

135.    Defendant admits the first sentence of paragraph 135.  Defendant denies the second sentence of paragraph 135.

136.    Defendant admits the first two sentences of paragraph 136.  Defendant denies the remaining allegations in paragraph 136.

137.    Defendant denies Dr. Ledbetter and Mr. Steidl played an "active" role in the student conduct disciplinary matter at issue.  Defendant admits the remaining allegations in paragraph 137.

138.    Defendant denies the allegations in the first sentence of paragraph 138 as they are not based in truth, fact, or reality.  Defendant admits Plaintiff is quoting or paraphrasing the language of tweets that were retweeted by Reece Harty in the second sentence of paragraph 138 but denies Plaintiff's characterization of the same.

139.    Defendant denies that "Pancake Palooza" is "in support of CARE."  Defendant denies that CARE is an organization "severely biased in favor of accusers of sexual assault." Defendant admits CARE indirectly provided training in the form of a video titled "The Dynamics of Trauma and Respondent Stress," which the panel members watched as part of their training

with the Dean of Students Office before the hearing.  Defendant admits the remaining allegations in paragraph 139.

140.    Defendant admits TCU does not have a voir dire-type procedure in place but denies the remaining allegations in paragraph 140.

141.    Defendant denies the allegations in the first sentence of paragraph 141 as they are not based in truth, fact, or reality.  Defendant admits Plaintiff is quoting or paraphrasing the language of TCU's website in the remaining sentences of paragraph 141 but denies Plaintiff's characterization of the same.

142.    Defendant admits the allegations in paragraph 142.

143.    Defendant admits Plaintiff is quoting or paraphrasing the language of TCU's website in paragraph 143 but denies Plaintiff's characterization of the same.

144.    Defendant admits the allegations in paragraph 144.

145.    Defendant denies the allegations in paragraph 145 as they are not based in truth, fact, or reality.

146.    Defendant admits that universities like TCU should have departments like CARE to support victims of sexual assault, but denies that TCU's policy is to "<u>always</u> believe the accuser regardless of the truth," as this allegation is not based in truth, fact, or reality.  Defendant denies that the provided examples in paragraph 146 support such a contention.  Defendant admits Plaintiff is quoting or paraphrasing the language of CARE posts and articles related to CARE in the remaining sentences of paragraph 146 but denies Plaintiff's characterization of the same.

147.    Defendant denies the allegations in paragraph 147 as drafted.

148.    Defendant denies the first sentence of paragraph 148 as drafted.  Defendant denies the second sentence of paragraph 148.

149.    Defendant denies the allegations in paragraph 149.

## V.        CAUSES OF ACTION

## COUNT I: VIOLATION OF RIGHTS UNDER TITLE IX OF THE EDUCATION AMENDMENTS ACT OF 1972

150.    Defendant responds to paragraph 150 by incorporating each of its responses to paragraphs 1 through 149 as set forth fully herein.

151.    Defendant admits Plaintiff is quoting or paraphrasing the language of Title IX in paragraph 151.

152.    Defendant admits the allegations in paragraph 152.

153.    Defendant admits the allegations in paragraph 153.

154.    The allegations in paragraph 154 consist of Plaintiff's legal conclusions to which no response is required.

## A.    Erroneous Outcome

155.    Defendant denies that any facts establish articulable doubt on the accuracy of the outcome of the disciplinary proceeding with respect to Allegation 1.  Defendant admits the first sentence of subpart a of paragraph 155 but denies the remaining allegations in subpart a. Defendant admits Judge Ruvolo excluded evidence but denies the text messages were exculpatory and denies Plaintiff's characterization of the remaining allegations in subpart b of paragraph 155. Defendant further asserts that Judge Ruvolo also excluded evidence submitted by Roe.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in subpart e of paragraph 155.  Defendant admits Roe claimed she only wanted to participate in sex with Doe about ten percent of the time but denies the remaining allegations in subpart m of paragraph 155.   Defendant admits the allegations in subpart n of paragraph 155 but denies

Plaintiff's characterization of the same.  Defendant denies the remaining allegations in paragraph 155, including subparts c, d, f, g, i, j, k, l, o, p, and q.

156.    Defendant denies the allegations in paragraph 156, including subparts a through p.

**B.      Selective Enforcement**

157.    Defendant denies that it does not publish or make available statistics or information regarding the outcome of Title IX violations involving alleged sexual misconduct, as required under current federal and state reporting regulations, including Texas Education Code § 51.253, but admits it does not publish statistics regarding the gender of complainants and respondents, which is not required under current federal or state reporting regulations.

158.    Defendant denies the allegations in paragraph 158.

159.    Defendant admits Plaintiff is quoting or paraphrasing the language of the Policy in paragraph 159 but denies the allegation that Section IV.H.2 of the Policy "prohibits a complainant from filing a false complaint" as drafted.

160.    Defendant admits Plaintiff is quoting or paraphrasing the language of the Policy in paragraph 160.

161.    Defendant denies the allegations in paragraph 161.

162.    Defendant denies the allegations in paragraph 162.

163.    Defendant denies the allegations in paragraph 163.

164.    Defendant denies the allegations in paragraph 164.

165.    Defendant denies the allegations in paragraph 165.

**C.      The Purdue Standard**

166.    The first sentence in paragraph 166 consists of Plaintiff's legal conclusions to which no response is required.  Defendant denies the second sentence in paragraph 166.

**COUNT II: BREACH OF CONTRACT**

167.     Defendant responds to paragraph 167 by incorporating each of its responses to paragraphs 1 through 166 as set forth fully herein.

168.     Defendant denies the allegations in paragraph 168.

169.     Defendant admits Plaintiff is quoting or paraphrasing the language of the Bill of Rights, Code, and Policy in paragraph 169 but denies Plaintiff's characterization of the same.

170.     Defendant denies the allegations in paragraph 170.

171.     Defendant denies the allegations in paragraph 171.

**VI.     PRAYER FOR RELIEF**

172.     Defendant denies the allegations in paragraph 172.

173.     The allegations in paragraph 173 consist of Plaintiff's legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 173 and denies that Plaintiff is entitled to the relief requested therein.

**AFFIRMATIVE & OTHER DEFENSES**

Defendants assert the following affirmative and other defenses, assuming no additional burden or any burden not placed on Defendants by the law, and assert that the defenses bar Plaintiff's claims and/or right to recover—in whole or in part—the damages and relief alleged:

1.     The First Amended Complaint fails to state a claim on which relief can be granted.

2.     The First Amended Complaint fails to state any claim against Defendant Victor J. Boschini, Jr.

3.     Some or all of the relief requested by Plaintiff is not available under the applicable statute and/or claims for relief.

4.      TCU's actions or inactions did not proximately cause any of the harm or damages that Plaintiff alleges.

5.      If Plaintiff sustained harm or damages, they were caused, in whole or in part, by his own conduct or by the conduct of a third party.

6.      Plaintiff has failed to mitigate his damages, if any.

7.      TCU did not exhibit gender bias with respect to the student conduct disciplinary matter at issue in this case.

8.      Defendant denies that the Policy created a valid contract between Plaintiff and TCU.  To the extent Plaintiff is claiming that an oral contract exists between the parties, which Defendant denies, Plaintiff's breach of contract claim is barred, in whole or in part, by the statute of frauds.

Defendant denies all allegations in the First Amended Complaint not specifically admitted. Defendant reserves the right to amend, abate, and assert additional affirmative and other defenses, as necessary.

## JURY DEMAND

Defendant demands a jury trial on all issues permitted to be tried by jury under the Federal Rules of Civil Procedure.

## CONCLUSION

For all the reasons stated above, Defendant Texas Christian University requests the following relief that:

a.      Plaintiff take nothing by his suit against Defendant;

b.      Defendant be awarded its reasonable and necessary attorneys' fees and costs of court against Plaintiff and his attorneys;

c.      Defendant be awarded any other and further relief to which it may be justly entitled.

Dated:  June 13, 2022                    Respectfully submitted,

                                         **HUSCH BLACKWELL LLP**

                                         By: */s/ Scott D. Schneider*
                                               Scott D. Schneider, *pro hac vice*
                                               Texas Bar No. 24054023
                                               scott.schneider@huschblackwell.com
                                               Samuel P. Rajaratnam
                                               Texas Bar No. 24116935
                                               sammy.rajaratnam@huschblackwell.com
                                               Caidi Davis, *pro hac vice*
                                               Texas Bar No. 24121557
                                               caidi.davis@huschblackwell.com

                                         111 Congress Avenue, Suite 1400
                                         Austin, Texas 78701
                                         (512) 472-5456
                                         (512) 479-1101 (fax)

                                               Alex E. Brakefield
                                               Texas Bar No. 24105523
                                               alex.brakefield@huschblackwell.com

                                         1900 N. Pearl Street, Suite 1800
                                         Dallas, Texas 75201
                                         (214) 999-6173
                                         (214) 999-6170 (fax)

                                         **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document was served on the below-listed counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on June 13, 2022.

Brian Roark
brian@brianroark.com
BOTSFORD & ROARK
1307 West Avenue
Austin, Texas 78701
Telephone: (512) 476 – 1900
Fax: (512) 479 – 8040

Bryan D. Bruner
bbruner@bjplaw.com
Lynne B. Frank
State Bar No. 24087215
Lfrank@bjplaw.com
BRUNER & BRUNER, P.C.
3700 W. 7th Street
Fort Worth, Texas 76107
Telephone: (817) 332-6633
Facsimile: (817) 332-6619

H. Dustin Fillmore, III
dusty@fillmorefirm.com
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 801
Fort Worth, Texas 76102
Telephone: (817) 332-2351

*/s/ Samuel P. Rajaratnam*
Samuel P. Rajaratnam