IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00297-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY | § | |
| & VICTOR J. BOSCHINI, JR., | § | |
| | § | |
| *Defendants*. | § | |

**NON-PARTY JANE ROE'S MOTION TO RECONSIDER**

COMES NOW, Non-Party Jane Roe ("Roe") and files this Motion to Reconsider the Court's Order (ECF No. 96) ("Motion"), and would respectfully show the Court as follows:

**I. INTRODUCTION**

Doe admitted on numerous occasions that he raped Roe. TCU conducted a lengthy Title IX investigation and hearing and determined Doe had non-consensual sexual contact with Roe. Because of these events, Roe has received treatment from numerous healthcare providers, including a licensed clinical social worker and clinical therapist from a local non-profit facility specializing in the treatment of victims of sexual assault/abuse and of violent crimes.[1] Yet with Court-imposed modifications, Roe has been ordered to sit for a deposition in this lawsuit filed by Doe against TCU.

---

[1] Due to privacy concerns and the sensitive nature of Roe's treatment as well as the nature of the treatment facility involving victims of sexual assault and violent crimes, throughout this Motion, general references are made to the "treating professional" and "treatment facility." The attached Exhibits A and A-1 in support of this Motion are similarly redacted given the sensitive nature of this information. However, Roe separately and concurrently seeks leave to file an unredacted version of Exhibit A (declaration of treating professional) and A-1 (treating professional's CV).

**NON-PARTY JANE ROE'S MOTION TO RECONSIDER**                                                                      **PAGE 1**

Texas Disciplinary Rule of Professional Conduct 1.16(b) requires that counsel take protective action when an attorney believes the client is at risk of substantial harm. Beginning on September 29, 2022, Roe's counsel attempted to obtain from Roe's treating facility a better understanding of her current and historical treatment and the effect of Roe's deposition on her health and wellbeing. Roe's counsel has been diligent in seeking the information, but the treatment facility and treating professional have their own professional obligations and internal legal process, which prevented an opinion from being issued before the date of this filing. As set forth herein and corroborated by her treating clinical therapist—who is also a licensed clinical social worker—Roe's counsel believes she will face substantial harm if forced to testify and therefore asks the Court to reconsider its ruling based on the additional evidence submitted with this motion. On this new evidence, Roe respectfully asks the Court to reconsider its prior order and quash her deposition in its entirety.

Roe does not take filing a motion to reconsider lightly, especially given that the Court already took time to consider and prepare its order denying in part and granting in part Roe's Motion to Quash. Roe understands the Court's analysis was based on the argument and evidence presented, which admittedly focused on lack of relevancy of her testimony to this Title IX action. But now that Roe has been ordered to sit for a deposition—even with the modifications imposed by the Court and agreement from Doe's counsel that Doe not attend the deposition—Roe is compelled to file this Motion because sitting for a deposition will endanger Roe's well-being and safety and will cause her undue burden. Accordingly, in light of specific evidence from Roe's treating healthcare professionals and the new discovery landscape, Roe respectfully asks the Court to reconsider its order and grant her Motion to Quash in its entirety.

## II. NEW EVIDENCE OF UNDUE BURDEN

In support of this Motion, Roe attaches the declaration of Roe's treating professional, a licensed clinical social worker and clinical therapist from the facility where Roe has been receiving

treatment. Ex. A. The treating professional's redacted CV is attached as Exhibit A-1. Roe's treating professional testifies that Roe was placed on a waitlist on February 28, 2022, and the professional has provided counseling services to Roe since August 1, 2022. Ex. A, ¶ 4. The treatment includes the reported sexual assault which led to the Title IX proceedings, and how the Title IX proceeding has exacerbated Roe's trauma, as evidenced by the variety of symptoms she presents with including—helplessness, intrusive thoughts, isolation, loss of self-esteem, shame, nightmares, and difficulty sleeping. Ex. *Id.* Roe continues to receive weekly treatment. *Id.*

Roe's treating professional testified that based on her professional education, training, and experience, as well as her specific experience as a licensed clinical social worker currently treating Roe, submitting Roe to sit for a four-hour deposition where she is cross-examined about the Title IX proceeding as well as her past sexual history with Doe could be a trauma trigger, cause Roe distress and negatively impact her mental health. *Id.*, ¶ 6. She further testified that sitting for a deposition could be detrimental to Roe's current treatment because it may cause her progress to stall and fall behind as new treatment would likely focus on processing the deposition, should it occur. *Id.*

Although already in the record before the Court, Roe also incorporates and refers the Court to text messages from Doe in which he admitted twice in text messages to Roe that he raped her. *See* TCU's MSJ Br. at 3–5, ECF No. 94 at 9–11.

### III. ARGUMENT & AUTHORITIES

**A.     Reconsideration is available under Federal Rule of Civil Procedure 54.**

Federal Rule of Civil Procedure 54(b) empowers the Court to reconsider any order issued before judgment is entered. FED. R. CIV. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . of fewer than all the parties . . . may be revised at any time before the entry of a judgment[.]"); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010) ("[W]hen a district court rules on an interlocutory order, it is free to reconsider and reverse its decision for any

reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.") (internal quotation marks omitted).

For prudential reasons, courts in this district have considered factors similar to those that courts would consider under the more rigorous standard of a motion to alter a judgment under Federal Rules of Civil Procedure 59. *Dos Santos v. Bell Helicopter Textron Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.) (noting cases in which district courts considered for purposes of a Rule 54(b) motion "whether the movant [was] attempting to rehash its previously made arguments or [was] attempting to raise an argument for the first time without justification[.]"). But while "the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Id.*

**B.    The Court recognized a deposition would cause Roe "some hardship" but her treating, licensed clinical social worker and therapist establishes a deposition would cause her undue burden. Doe's need for discovery has also decreased.**

Even with limited evidence of Roe's health and safety presented in Roe's Motion to Quash, the Court recognized a deposition would cause Roe "some hardship." ECF No. 96 at 6. The Court believed that "with some modification" on her deposition, the hardship to Roe could be mitigated, which would allow Doe to obtain information the Court deemed relevant. *Id.* at 6–7. Doe's counsel has also agreed Doe would not be present at Roe's deposition. But even with the Court's modifications and Doe's counsel's agreement Doe would not be present, Roe's treating clinical therapist has provided a more detailed declaration showing the extreme hardship a deposition would still cause Roe. The hardship is more than just an uncomfortable or awkward deposition and more than mere worry about testifying or fear of the unknown—it is that testifying about the Title IX proceeding and Roe's prior sexual history with Doe may cause Roe trauma trigger, extreme distress, and be detrimental to her mental health. Ex. A. Indeed, the treating professional testifies that a deposition could cause her progress to stall and fall behind. *Id.* This testimony comports with the evidence already before the Court that Doe did what TCU's panel concluded he

did, what Roe alleged he did, and what *Doe confessed he did*. Despite Doe's efforts to maintain victimhood, every step of this process has shown Roe to be the real victim, and subjecting Roe to a deposition with limited value to Doe's case perpetuates the victimization of Roe.[2]

Finally, while the Court previously concluded Doe was entitled to obtain certain information from Roe, that landscape has substantially changed since the Court's order: (1) Roe has agreed to comply with Doe's pared-down document requests, and Doe has also obtained a FERPA release, so the information he contended he needs from Roe has been lessened; and (2) there is currently pending a Motion for Summary Judgment filed by TCU that, if granted, would dispose of this entire case. ECF Nos. 93, 94.[3] Thus, balancing the *current* needs of discovery against the harm and undue burden a deposition would cause non-party Roe, the Court should quash Roe's deposition in its entirety.

**C.    The Court may properly consider Roe's evidence from her treating professional.**

Roe is aware that "[a] motion to reconsider is not a vehicle for raising issues or citing authorities that a party should have or could have presented prior to the Court's ruling." *Lelsz v. Kavanagh*, 112 F.R.D. 367, 371 (N.D. Tex. 1986). Thus, the Court may take exception to the fact that Roe did not obtain and present this evidence previously. Roe's counsel trusts that the Court appreciates this course was deliberately chosen as the least-intrusive means to obtain the relief Roe seeks. As explained in Roe's Reply in Support of Motion to Quash, Roe's decision to limit and not

---

[2]    It remains noteworthy that Roe is not a party to this suit, and this not a criminal proceeding against Doe that would implicate the constitutional right to confront his accuser. *Greenfield v. Dep't of Corr.*, No. CIV.A. 09-1969 JLL, 2011 WL 3203730, at *14 (D.N.J. July 27, 2011) (explaining "the Sixth Amendment right of confrontation . . . does not attach to civil proceedings"); *cf. Emile v. I.N.S.*, 244 F.3d 183, 189 (1st Cir. 2001) ("Since deportation is civil, the Confrontation Clause does not apply.").

[3]    Although Doe seeks Roe's deposition ostensibly to respond to the summary judgment motion, no summary judgment grounds turn on any new testimony Doe might obtain from a deposition of Roe. Indeed, Doe's Emergency Motion for Extension of Time to Respond to Motion for Summary Judgment (ECF No. 101) does not identify any specific testimony from Roe that Doe needs for him to adequately respond to TCU's pending Motion for Summary Judgment.

focus on Roe's health and well-being was based on issues of privacy, but Roe did state she could proffer additional evidence if necessary. Reply at 9, ECF No. 89 at 9.

In working to comply with the Court's order requiring Roe to sit for a deposition, the undersigned began learning more about Roe's current treatment. Thus, beginning on September 29, 2022, Roe's counsel has diligently worked with the treatment facility to obtain this information. Obtaining this information from Roe's treatment facility and treating professional has been arduous given the facility's and treating professional's own professional obligations and internal legal process. However, in light of the attached information from Roe's treating professional, the undersigned believes the filing of this Motion to Reconsider is necessary.

Therefore, Roe respectfully asks the Court to find based on the current state of this litigation and on the evidence now in front of the Court, that Roe sitting for a deposition—even with the Court's previous modifications in place—would cause her undue burden, which outweighs any limited benefit of discovery to Doe.

**D.      Roe's counsel takes seriously the Court's orders and counsel's professional obligations to their client, and this Motion is an attempt to do both.**

Doe's Emergency Motion for Extension of Time to Respond to Motion for Summary Judgment (ECF No. 101) attempts to posture Roe's counsel as insouciantly and unilaterally deciding whether to comply with the Court's order and produce Roe for a deposition.[4] Nothing could be further from the truth.

Roe's counsel have a professional obligation to, and in fact do, take the Court's orders seriously and would never think of willfully violating one of the Court's orders. Roe's counsel also takes their ethical and professional obligations to their client seriously and the requirement under Texas Disciplinary Rule of Professional Conduct 1.16(b) that they take protective action

---

[4] ECF No. 101 at 3 (asking for extension "if Roe's mental health provider and her counsel decide – contrary to this Court's Order – that Roe should not give her deposition").

when they believe a client is at risk of substantial harm. Roe's counsel's actions since the Court issued its Order (ECF No. 96) are simply an effort to comply with all of these obligations under an incredibly difficult set of circumstances.

## IV. PRAYER

WHEREFORE, non-party Jane Roe respectfully requests that the Court grant this Motion, reconsider its prior order and quash the Subpoena in its entirety, and for all other relief at law and in equity to which Roe is justly entitled.

Respectfully submitted,

**WICK PHILLIPS GOULD & MARTIN LLP**

*/s/ David J. Drez III*
David J. Drez III
Texas Bar No. 24007127
david.drez@wickphillips.com
Colin P. Benton
Texas Bar No. 24095523
colin.benton@wickphillips.com
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: 817.332.7788
Facsimile: 817.332.7789

**ATTORNEYS FOR NON-PARTY JANE ROE**

## CERTIFICATE OF CONFERENCE

Counsel for Roe and counsel for Doe have conferred in good faith regarding the issues contained in this Motion several times on the phone and several times in e-mail from September 27-30, 2022, in an effort to resolve the dispute without Court action. No agreement was reached, despite reasonable efforts. Therefore, this matter is submitted to the Court for consideration.

*/s/ David J. Drez III*
David J. Drez III

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case.

*/s/ Colin P. Benton*
Colin P. Benton

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00297-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY | § | |
| & VICTOR J. BOSCHINI, JR., | § | |
| Defendants. | § | |

DECLARATION OF ███████ IN SUPPORT OF MOTION TO RECONSIDER

STATE OF TEXAS       §
                     §
COUNTY OF TARRANT    §

I, ███████, declare as follows:

1. My name is ███████. I am over the age of twenty-one (21) years, of sound mind, and otherwise competent to make this Declaration. My business address is ███████, Fort Worth, Texas 76110.

2. I am a clinical therapist with the ███████ department of ███████ ("███"). ███ is a non-profit agency where men, women, and children receive services. The ███████ department of ███ specifically provides services to men, women, and children who have been victims of sexual assault/abuse and/or victims of other violent crimes.

3. I am licensed as a Clinical Social Worker by education and professional licensing. I earned a bachelors degree in social work from Texas State University and masters degree in

social work from Texas State University. I also completed 3,000 hours of clinical training before I became a Licensed Clinical Social Worker ("LCSW"). I was licensed by the Association of Social Work Boards for the State of Texas as a Licensed Master Social Worker since 2015, and as a Licensed Clinical Social Worker since 2020. I have been a Clinical Therapist for the Rape Crisis and Victim Services department at TWC since 2021. My CV is attached.

4.  ▉▉▉▉▉▉▉▉▉, a/k/a Jane Roe ("▉▉▉"), contacted ▉▉▉ on 02/28/2022, and was placed on a waitlist. I first saw her on 8/1/2022. She reported the following symptoms on her intake: anger, anxiety, confusion, crying, depression, difficulty with decision making, easily startled, fatigue, guilt, helplessness, intrusive thoughts, irritability, isolation, loss of self-esteem, nightmares, shame, and sleep difficulties. Since 8/1/2022, I have provided counseling services to ▉▉▉ with a focus on the Title IX proceeding at TCU, her reported sexual assault which lead to the Title IX proceedings, and how that process triggered several trauma symptoms for her, as evidenced by the variety of symptoms she presented with upon Intake. Counseling sessions are typically 50 minutes per session, one time per week. As of the date of this declaration, ▉▉▉ continues to attend counseling once a week.

5.  I have been told ▉▉▉ has been ordered to testify in a lawsuit Plaintiff John Doe ("Doe") brought against TCU. I have been told the Court has allowed up to 4 hours of questioning of ▉▉▉ regarding, among other things, her past sexual history with Doe.

6.  Based on my professional education, training, and experience, as well as based on my specific experience as a Licensed Clinical Social Worker treating ▉▉▉ for her symptoms as described above, submitting ▉▉▉ to a four-hour deposition, where she is cross-examined about the Title IX proceeding as well as her past sexual history with Doe, could be a trauma trigger, could cause ▉▉▉ distress and could negatively impact her mental health. Sitting for a deposition

could also be detrimental to ▇▇'s current treatment because it may cause her progress to stall and fall behind as new treatment would likely focus on processing the deposition, should it occur.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and within my personal knowledge.

Executed in Tarrant County, Texas, on this 4th day of October, 2022.



# Exhibit A-1



███████████████████
████████
██████████.
**Fort Worth, TX 76110**

**LICENSE**
Licensed Clinical Social Worker #61676

**EMPLOYMENT HISTORY**
**March 2021- present-** ████████████████████████████████████ - █████████
*Clinical Therapist- Full-time*
> Provides individual, group, familial and crisis counseling to adults and/or children who are survivors of sexual assault and abuse (or who are survivors of other types of violence and abuse) and their significant others. This includes assessing and treating clients for presenting mental health concerns
> Provides accompaniment services to clients for medical and/or legal processes as needed
> Participates in the Center crisis response team rotation providing backup for telephone and hospital response calls when assigned
> Makes reports to Child Protective Services, law enforcement, and Adult Protective Services and other protective entities as appropriate
> Participates in regular individual and/or group Supervision
> Prepares and maintains confidential and accurate client assessment, progress notes, case evaluation and therapeutic plans in accordance with program and grant requirements
> Provides training regarding clinical skills and client issues as requested to volunteers, interns, the community, and other professionals

**December 2019- March 2021-** ████████████████████████████████ ██████
*Case Management Coordinator*
> Recruits, trains and manages Rape Crisis and Victim Services Case Managers to respond to client needs
> Meets with Case Managers weekly to provide supervision
> Provides assessment, screening, and case management services in combination with the assigned therapist for counseling clients, and in an independent manner for non-counseling clients of the Center, including walk-ins
> Develops a comprehensive action plan with established goals to assist in resolving the client's social needs and/or problems
> Refers the client, and advocates on her/his behalf to partner and community resource agencies that provide assistance in addressing the needs and achieving the established goals
> Provides follow-up support (when appropriate) for clients in order to assure problem resolution
> Provides accompaniment services to clients for sexual assault examinations and legal processes
> Assists clients in completing Crime Victims Compensation forms
> Makes reports to Child Protective Services, law enforcement, and Adult Protective Services and other protective entities as appropriate
> Participates in the Center crisis response team rotation providing back-up for telephone and hospital response calls when assigned and answer 24-hour hotline and business lines
> Prepares and maintains confidential and accurate client assessment, progress notes, case evaluation and case plans in accordance with program and grant requirements
> Serves as liaison with community agencies to develop relationships for the benefit of clients

**December 2018- December 2019- Mesa Springs Behavioral Health Hospital**
*Inpatient Clinical Therapist- Full-time Adolescent Therapist*
> Provide clinical assessments, diagnoses, and treatment of patients

    Responsible for providing psychotherapy and counseling therapies including group, individual, and family therapy for patients suffering from psychiatric and substance abuse issues.
    Ensure accurate and timely patient documentation
    Active involvement in the treatment planning process and work on a treatment team
    Educate patients and parents regarding psychological, emotional, and substance abuse problems
    Actively communicate with outside referral sources
    Demonstrate appropriate crisis intervention and de-escalation skills
    CPI and CPR certified
    Have a working knowledge of all clinical regulations, including TJC, Medicaid, and state and federal laws

**May 2018- December 2018- Mesa Springs Behavioral Health Hospital**
*Inpatient Clinical Therapist- PRN, Substance Use/ Adult Mental Wellness/ Adolescent Mental Wellness*
    Provide clinical assessments, diagnoses, and treatment of patients
    Responsible for providing psychotherapy and counseling therapies including group, individual, and family therapy for patients suffering from psychiatric and substance abuse issues.
    Ensure accurate and timely patient documentation
    Active involvement in the treatment planning process and work on a treatment team
    Educate patients regarding psychological, emotional, and substance abuse problems
    Actively communicate with outside referral sources
    Demonstrate appropriate crisis intervention and de-escalation skills
    CPI and CPR certified
    Have a working knowledge of all clinical regulations, including TJC, Medicaid, and state and federal laws

**October 2017- October 2018, PSP Professional Services, Inc.**
*Therapist*
    Provide psychotherapy services to clients who have a wide range of mental, emotional, and behavioral disorders, conditions, and addictions, from many socio-economic backgrounds, ethnicities, and age ranges
    Complete intake/ clinical formulation/ biopsychosocial assessments of client's needs, complete risk assessments
    Provide most appropriate and least restrictive diagnosis for clients using the DSM-5/ ICD-10
    Conduct individual and/or family therapy sessions of clients
    Identify problems, interventions, and treatment goals and patient progress in the medical record using the DSM-5/ ICD-10 and review with patient, family, and treatment team
    Complete clinical documentation of interventions with clients daily
    Provide appropriate referrals

**August 2015 - December 2018, Communities In Schools of Greater Tarrant County**
*Program Manager*
- Develop and implement campus plans and provide positive on-site leadership and motivation of the program team.
- Establish trust, cooperation, and respect of school administrator, other faculty
- Manage overall scheduling and coordination of provider partner personnel, volunteers, Health & Human Services agency appointments, interns, guest presenters and program events.
- Provide timely and accurate data for entry into the case management data systems.
- Intervene in crises experienced by students and their families.
- Provided expected number of student service hours per month to maximize student success.

**EDUCATION**
**FIELD PRACTICUM**
    Masters Social Work Field Student (Intern) at Hays-Caldwell Women's Center Shelter- Domestic Violence and Rape Crisis Center

    Bachelors Social Work Field Student (Intern) at Communities In Schools of Central Texas at Jack C. Hays High School in Buda, TX

**August 2014- August 2015, Masters in Social Work- Direct Practice, Texas State University**
    *Honors & Scholarships:* Texas State Achievement Scholarship recipient; Dean's List (3 semesters)
    Major academic course highlights: individual therapy; family and marriage therapy; helping troops transition course; adventure therapy; diversity and social justice course; social welfare policy; Office of the Attorney General certification in sexual assault, family violence, and child abuse

**August 2011 - May 2014, Bachelors in Social Work, Texas State University**
- Honors & Scholarships: Graduated Magna Cum Laude; Dean's List (5 semesters), Texas State Achievement Scholarship recipient; member of the Texas State University Honors College; member of Phi Eta Sigma Honors Fraternity; member of Alpha Lambda Delta Honors Fraternity
- Major academic course highlights: Generalist Practice; initiating and creating the Healthy Eating project and community garden at the housing authority of San Marcos; social services student volunteer at Marbridge Ranch (residential facility for adults with intellectual disabilities); human spirituality and religions course; diversity and social justice course; social welfare policy; human behavior in the social environment

## COMPETENCIES & INTERESTS
**Skills:**
- Experienced in individual, group, and family therapy with children, adolescents, and adults in outpatient and inpatient mental health settings
- Experienced in the treatment of non-suicidal self injury and suicide prevention
- Experienced in employee management and supervision
- Received TBRI (Trust Based Relational Intervention) practitioner training (March 2021)
- OAG certified in sexual assault, family violence, and child abuse (Dec. 2019)
- Educated in adventure therapy theories
- Data entry experience with Travis County CASA
- Community outreach experience
- Volunteer management experience

**Additional Interests, Awards, and Leadership:**
    Elected Staff Liaison of the Staff Advisory Council at Communities In Schools of Greater Tarrant County (October 2017- May 2018) (September 2018- May 2019)
    Member of the Building Leadership Team at Hoover Elementary (September 2016- May 2018)
    Nominated for Communities In Schools Middle School Social Worker of the Year Award (May 2017) (May 2018)