IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    *Plaintiff*,<br><br>v.<br><br>TEXAS CHRISTIAN UNIVERSITY,<br><br>    *Defendant*. | Civil Action No. 4:22-CV-00297-O |

**PLAINTIFF JOHN DOE'S EMERGENCY RESPONSE TO
NON-PARTY JANE ROE'S MOTION TO RECONSIDER**

TO THE HONORABLE U.S. DISTRICT JUDGE REED O'CONNOR:

    Plaintiff John Doe has labeled his response to Non-Party Jane Roe's Motion to Reconsider an "emergency" response for two reasons: Jane Roe's deposition has been noticed to commence *tomorrow* at 1:00 p.m. and Roe's counsel have informed us that Roe will not appear for tomorrow's deposition without another order from the Court commanding her to do so. Plaintiff wants to go forward with the deposition as soon as possible because of his impending October 18 deadline to respond to Defendant's motion for summary judgment. Accordingly, Plaintiff feels tremendous pressure to provide the Court a quick and truncated response to Roe's Motion to Reconsider in an effort to obtain Roe's deposition tomorrow.

### I. Summary of Argument

    The Court should deny Roe's motion out of hand. First, the motion is improper as it is a rehash of Roe's original Motion to Quash (ECF 66) while using evidence that was available to Roe on the day she filed that motion, August 3, 2022. Second, Roe's latest motion suffers from a greater evidentiary deficiency than was true of her first motion. The undue-burden opinions adduced by

Roe's most recent expert are inadmissible speculations under Federal Rule of Evidence 702 because they are all qualified by the words "could" or "may."

## II. ARGUMENT & AUTHORITIES

**A.      Roe's motion is improper.**

A motion to reconsider is not a vehicle for raising issues or citing authorities that a party should have or could have presented prior to the Court's ruling, and a motion to reconsider should not be employed to rehash arguments already made nor as a means of refuting the Court's ruling. *Lelsz v. Kavanagh*, 112 F.R.D. 367, 371 (N.D. Tex. 1986); *Reyelts v. Cross*, No. 4:12-CV-112-BJ, 2013 WL 4874111, at *3 (N.D. Tex. July 26, 2013) (same). Motions to reconsider serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *United States v. Cramer*, No. 1:16-CR-26, 2018 WL 7821079, at *2 (E.D. Tex. Mar. 8, 2018); *see United States v. Banks*, No. 1:08-CR-113, 2009 WL 585506, at *1 (E.D. Tex. Mar. 6, 2009) ("It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made earlier or to re-urge matters that have already been advanced by a party."); *United States v. Olis*, No. H-07-3295, 2008 WL 5046342, at *31 (S.D. Tex. Nov. 21, 2008) ("The high burden imposed on parties seeking reconsideration has been established to discourage litigants from making repetitive arguments on issues that have already been considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.").

Roe's motion comes nowhere close to meeting the high standards imposed on a party who legitimately seeks reconsideration of a court's decision. Roe's motion is nothing but a rehash of

her original Motion to Quash while attempting to use evidence that was available to her at the time she filed it.

Roe claims she is presenting "New Evidence of Undue Burden." Motion, 2. This is disingenuous. It is true that Roe has trotted out a different social worker from the social worker (Kim Garrett) she used to support her unsuccessful original motion. Motion to Quash, 10. But the testimony from Roe's latest social worker (Redacted-Name) confirms she first saw Roe on August 1, 2022—two days *prior* to the filing of Roe's original motion. *See* Ex. A., 2 (¶ 4). There are no new facts, and the proffered testimony of Roe's latest social worker was available to Roe on the day she filed her original motion. Plus, Roe could have supplemented her original motion with this proffered evidence at any point between the day she filed her original motion (August 3, 2022) and the day the Court issued its Order on Roe's original motion (September 21, 2022).

### B. Roe's motion is unsupported by admissible evidence.

In a paragraph heading, Roe claims "her treating, licensed clinical social worker and therapist establishes a deposition *would* cause her undue burden." Motion, 4 (emphasis added). Roe also states that her "treating clinical therapist has provided a more detailed declaration showing the extreme hardship a deposition *would* still cause Roe." *Id.* (emphasis added). These statements are not accurate.

Redacted-Name's actual proffered opinions are all qualified by the words "could" and "may." Ex. A., 2–3 (¶ 6). Redacted-Name does not offer a single opinion that crosses the threshold for admissibility as all her opinions state nothing more than mere possibilities, speculations, and guesswork. *See, e.g.*, *Rooney v. Nuta*, 267 F.2d 142, 147 (5th Cir. 1959) ("It is necessary that the proof go further and establish the conclusion as a reasonable probability."). The sum total of

Redacted-Name's opinions is this—Roe's deposition might or might not be unduly burdensome for her. Doe objects to Redacted-Name's opinions because they are inadmissible under Federal Rule of Evidence 702.

### III. Request for Relief

Plaintiff requests the Court to deny Jane Roe's Motion for Reconsideration.

Respectfully submitted:

By: *H. Dustin Fillmore III*
H. Dustin Fillmore III
State Bar No. 06996010
The Fillmore Law Firm, L.L.P.
201 Main Street, Suite 700
Fort Worth, Texas 76102
817-332-2351 – Office
817-870-1859 – Fax
dusty@fillmorefirm.com

Bryan D. Bruner
State Bar No. 03252475
Lynne B. Frank
State Bar No. 24087215
Bruner & Bruner, P.C.
3700 W. 7th Street
Fort Worth, Texas 76107
817-332-6633 – Office
817-332-6619 – Fax
bbruner@brunerpc.com
Lfrank@brunerpc.com

Brian Roark
State Bar No. 00794536
Botsford & Roark
1307 West Avenue
Austin, Texas 78701
512-476-1900 – Office
512-479-8040
Admitted pro hac vice

*Counsel for Plaintiff John Doe*

_____
Plaintiff John Doe's Emergency Response to
Non-Party Jane Roe's Motion to Reconsider – Page 4

CERTIFICATE OF SERVICE

      The undersigned certifies that on October 6, 2022, a true and correct copy of this document was served on counsel for TCU and counsel for Jane Roe via the Court's electronic filing system, CM/ECF.

                                            *H. Dustin Fillmore III*

_____

Plaintiff John Doe's Emergency Response to
Non-Party Jane Roe's Motion to Reconsider – Page 5