UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN DOE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 4:22-cv-00297-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S UNOPPOSED MOTION FOR
LEAVE TO FILE APPENDIX UNDER SEAL

COMES NOW Plaintiff, John Doe, and pursuant to Fed. R. Civ. P. 7 and Local Rule 79.3, Plaintiff requests that this Court grant him leave to file the Appendix to Plaintiff's Response to Defendant's Motion to Compel Discovery and Production of Documents, including the exhibits made part thereof, (the "Appendix") under seal. The Appendix is being filed with this motion, and this motion is unopposed.

While there exists a common law right to inspect court records, the right is not absolute, and a district court may order records be sealed for good cause. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The Court should balance the public interest in judicial openness with the countervailing harm that would occur to the party requesting sealing. *Id.*

The underlying dispute in this case is Texas Christian University's handling of sexual assault accusations made against Plaintiff by his ex-girlfriend. The details of the underlying sexual assault accusation are intimate in nature, and unjust injury would result from the public identification of the parties to the accusation if the Appendix is not

1

sealed. The Court previously determined that Plaintiff could proceed under the pseudonym "John Doe" to protect his identity (ECF No. 41). The Appendix contains information that would reveal the identity of Plaintiff, his ex-girlfriend and members of their family. Plaintiff therefore asks permission to file the Appendix under seal to prevent undue injury from occurring to the to the parties and those individuals specifically named in the Appendix as a result of their identity coming into public view.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff requests the Court grant this motion and order the clerk of the Court to file the Appendix under seal.

Respectfully submitted,

| */s/ Brian Roark* | */s/ Bryan D. Bruner* | */s/ H. Dustin Fillmore, III* |
|---|---|---|
| Brian Roark | Bryan D. Bruner | H. Dustin Fillmore, III |
| State Bar No. 00794536 | State Bar No. 03252475 | State Bar No. 06996010 |
| brian@brianroark.com | bbruner@brunerpc.com | dusty@fillmorefirm.com |
| Botsford & Roark | Lynne B. Frank | The Fillmore Law Firm, L.L.P. |
| 1307 West Avenue | State Bar No. 24087215 | 201 Main Street, Suite 700 |
| Austin, Texas 78701 | lfrank@brunerpc.com | Fort Worth, Texas 76102 |
| Telephone: (512) 476-1900 | Bruner & Bruner, P.C. | Telephone: (817) 332-2351 |
| Fax: (512) 476-8040 | 3700 West 7th Street | Fax: (817) 870-1859 |
| *Admitted pro hac vice* | Fort Worth, Texas 76107 | |
| | Telephone: (817) 332-6633 | |
| | Fax: (817) 332-6619 | |

**ATTORNEYS FOR JOHN DOE**

## Certificate of Conference

On October 5, 2022, counsel for Plaintiff, Lynne Frank, spoke with counsel for TCU, Sammy Rajaratnam, regarding the merits of the foregoing motion. Mr. Rajaratnam indicated in an email he is unopposed to the relief requested in the motion.

/s/ Lynne B. Frank
Lynne B. Frank

## Certificate of Service

On October 6, 2022, the foregoing document was served via CMECF on TCU through its attorneys of record as follows:

Scott D. Schneider (scott.schneider@huschblackwell.com)
Aleks Rushing (Aleks.Rushing@huschblackwell.com)
Alex E. Brakefield (alex.brakefield@huschblackwell.com)
Samuel P. Rajaratnam (Sammy.rajaratnam@huschblackwell.com)
Caidi Davis (Caidi.davis@huschblackwell.com)
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201

**ATTORNEYS FOR TCU**

/s/ Bryan D. Bruner
Bryan D. Bruner