UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00297-O |
| § | |
| TEXAS CHRISTIAN UNIVERSITY, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court are Non-Party Jane Roe's Motion to Reconsider (ECF No. 103), filed October 05, 2022; Plaintiff John Doe's Emergency Response to Non-Party Jane Roe's Motion to Reconsider (ECF No. 106), filed October 6, 2022; and Non-Party Jane Roe's Reply in Support of Motion to Reconsider (ECF No. 115), filed October 19, 2022. Roe seeks reconsideration of a prior Order (ECF No. 96), issued September 21, 2022, that partly granted and partly denied Roe's original Motion to Quash (ECF No. 66). Having reconsidered its first Order in light of the parties' subsequent briefing and applicable law, the Court **DENIES** the motion.

### I.    BACKGROUND

On August 3, 2022, non-party to this litigation, Jane Roe, filed a Motion to Quash Plaintiff John Doe's Subpoena to Testify at a Deposition in a Civil Action, issued on July 19, 2022 (Subpoena, Ex. A, App. 002–07, ECF No. 67). Roe's earlier reports of sexual assault by Plaintiff John Doe prompted Defendant TCU's institution of Title IX disciplinary proceedings against him and, in turn, gave rise to this suit. See Compl., ECF No. 1. In addition to compelling production of documents, Doe's subpoena commands Roe to appear for deposition. Subpoena, ECF No. 67 at 4. In her original motion to quash, Roe objected to the deposition on grounds that (1) any testimony she could provide lacked relevancy to Doe's claims and that (2) requiring her to sit for a deposition

in which she will face questions about the underlying Title IX proceedings and alleged sexual assault imposes an undue burden that justifies quashing the subpoena. Having weighed Doe's need for Roe's testimony and her testimony's potential relevance with the hardship a deposition might impose on her, the Court upheld the subpoena, but did so with modifications designed to alleviate any *undue* burden. Order 6–7, ECF No. 96.

In the intervening two weeks between the Court's first Order and her motion to reconsider, Roe obtained a second opinion from a treating professional that indicates requiring Roe to sit for a deposition "could be a trauma trigger," could cause Roe "distress," could "negatively impact her mental health," and "may cause her progress [made in counseling] to stall and fall behind." Mot. for Recons. 4, ECF No. 103; Decl. of Treating Pro. 2, ECF No. 103, Ex. A. Primarily based on this treating professional's opinion, Roe asks the Court to reconsider its previous decision and to quash the deposition in its entirety.[1]

## II.   LEGAL STANDARD

Rule 54(b) allows a Court to revise an interlocutory order "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Compared to motions for reconsideration that challenge final judgments under Rule 59 or 60, Rule 54 motions are subject to a less exacting standard and permit a Court to revise or vacate a prior interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326 (5th Cir. 2017). Still, despite the district court's broad discretion here, a movant should not use Rule 45 as a vehicle to simply "rehash its previously made arguments or . . . to raise an argument for the first time without justification." *Dos Santos v. Bell Helicopter Textron, Inc.*

---

[1] Roe asks the Court to reconsider quashing only the deposition and raises no challenge to the Court's order regarding production of documents.

*Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.). Revision or vacation of interlocutory orders under Rule 54(b) are reviewed for abuse of discretion. *McKay v. Novartis Pharmaceutical Corp.*, 751 F.3d 694, 701–02 (5th Cir. 2014).

### III.   ANALYSIS

In support of her motion, Roe relies on a declaration from a second treating professional—a licensed clinical social worker who has been providing therapeutic services to Roe, once a week, since August 1, 2022—which indicates that subjecting Roe to a deposition "may cause [her] trauma trigger, extreme distress, [] be detrimental to her mental health, [and] could cause her progress [made in counseling] to stall and fall behind." Mot. for Recons. 4, ECF No. 103; Decl. of Treating Pro. 2, ECF No. 103, Ex. A. Roe also argues that Doe's need for her deposition testimony is reduced because she has since "agreed to comply with Doe's pared-down document requests, and Doe has obtained a FERPA release" that will permit him to access some relevant information from TCU. Mot. for Recons. at 5, ECF No. 103.[2]

Neither argument persuades the Court that its prior Order should be revised. When considering Roe's initial motion to quash, the Court weighed Doe's need for Roe's testimony with the significant burden obtaining it would likely impose on her (according to her first treating professional, Kim Garrett). There the Court found that crafting parameters for the deposition, rather than completely quashing it, was an appropriate remedy in light of Doe's considerable need for information highly relevant to his dispute with TCU. The Court made this determination despite Ms. Garrett's unequivocal opinion that a deposition would, "to a reasonable degree of professional certainty," cause Roe "significant emotional harm and trauma." The declaration of Roe's second

---

[2] And though the question of Roe's attorneys' ethical obligations is not before the Court to decide, the Court appreciates counsel's sincere effort to abide by their dual professional and ethical obligations that counsel believes are in tension as they attempt to comply with the Court's orders and their ethical duty to their client.

treating professional, which provides a more modest assessment that a deposition "may" or "could" be detrimental to Roe's well-being, does not alter the Court's undue burden analysis. Nor do the facts that Roe has voluntarily released information (via FERPA authorization) and agreed to comply with the document requests she was otherwise obligated to produce (via the subpoena). Roe's willingness to produce information in document form is not enough to change the Court's assessment that Doe is entitled to access Roe's information via deposition.

In sum, the arguments made in her motion to reconsider are essentially a reassertion of the arguments previously made in her motion to quash: that requiring Roe to sit for her deposition will impose an undue, and unjustifiable, burden. For the same reasons it denied Roe's motion to quash in its prior Order, the Court denies Roe's motion to reconsider.

Again, the Court recognizes that permitting Roe's deposition to proceed will impose some degree of hardship on her given the sensitive nature of the instant dispute. The burden that necessarily comes with being deposed about one's allegations of sexual assault is not lost on the Court. Still, the Court finds that the burden imposed is not so unreasonable and oppressive that it outweighs Doe's substantial need to obtain relevant information from Roe regarding the underlying allegations that gave rise to this lawsuit. And with the conditions previously imposed on the deposition—in addition to Doe's subsequent agreement not to appear in-person at the deposition—the Court finds that modifying the subpoena, rather than quashing it outright, is the appropriate remedy. Accordingly, the Court **ORDERS** that Roe's deposition be subject to the following conditions:

1. The **single** deposition shall occur at a neutral site (as agreed by the parties);

2. The deposition shall be limited to **4 hours** total;

3. No more than **two attorneys** may be present for either party (as agreed by the parties);

4. Roe shall be entitled to have **one party** present aside from counsel;

5. Doe **may not** seek any information from Roe regarding her prior sexual history with anyone other than Doe and is **ORDERED** to refrain from seeking information for the purpose of embarrassment, harassment, or other improper means.

## IV.    CONCLUSION

Based on the foregoing, the Court **DENIES** Non-Party Jane Roe's Motion to Reconsider (ECF No. 103) and **ORDERS** Roe to comply with the subpoena to appear for deposition, subject to the Court's specified modifications. Once scheduled, Plaintiff **SHALL** file a notice on this docket indicating the date deposition will occur. The Court lifts its temporary stay of Plaintiff's deadline to respond to TCU's Motion for Summary Judgment, set out in its Order issued October 13, 2021 (ECF No. 114), and **ORDERS** Plaintiff to respond within **14 days** of expedited receipt of the transcript of Roe's deposition. Defendant's reply is due **14 days** thereafter.

**SO ORDERED** this **27th day** of **October, 2022**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**