**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-00297-O** |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY & VICTOR J. BOSCHINI, JR.,** | § | |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**NON-PARTY JANE ROE'S APPENDIX IN SUPPORT OF NON-PARTY JANE ROE'S RESPONSE TO MOTION TO HOLD IN CONTEMPT AND MOTION TO COMPEL DEPOSITION AND JANE'S ROE'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH AND BRIEF IN SUPPORT**

Under Local Rule 7.1(i), Non-Party Jane Roe ("Roe") files this Appendix in Support of her Response to Motion to Hold in Contempt and Motion to Compel Deposition and Jane's Roe's Motion for Protective Order and Motion to Quash and Brief in Support, which contains the following documents:

| Tab | Document Description | Appendix Page Number |
|---|---|---|
| A. | Declaration of Treating Professional [redacted] | App. 002 – 005 |
| B. | Declaration of Victim's Advocate [redacted] | App. 007 – 009 |
| C. | Subpoena to Testify in a Civil Action [redacted] | App. 011 – 013 |
| D. | Jane Roe's Deposition Transcript [slip sheet only] | App. 015 – 145 |

Respectfully submitted,

**WICK PHILLIPS GOULD & MARTIN LLP**

*/s/ David J. Drez III*
David J. Drez III
Texas Bar No. 24007127
david.drez@wickphillips.com
Colin P. Benton
Texas Bar No. 24095523
colin.benton@wickphillips.com
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: 817.332.7788
Facsimile: 817.332.7789

**ATTORNEYS FOR NON-PARTY JANE ROE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case.

*/s/ David J. Drez III*
David J. Drez III

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOE DOE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-00297-O** |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | |
| **& VICTOR J. BOSCHINI, JR.,** | § | |
| *Defendants.* | § | |

**DECLARATION OF [redacted]**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

I, [redacted], declare as follows:

1. My name is [redacted]. I am over the age of twenty-one (21) years, of sound mind, and otherwise competent to make this Declaration. My business address is [redacted].

2. I am a clinical therapist with the [redacted] department of [redacted] ("[redacted]"). [redacted] is a non-profit agency where men, women, and children receive services. The [redacted] department of [redacted] specifically provides services to men, women, and children who have been victims of sexual assault and/or other violent crimes.

3. I am licensed as a clinical social worker by education and professional licensing. I earned an undergraduate degree in social work from Texas State University and a masters in social

work from Texas State University. I also completed 3,000 supervised hours of clinical training before I became a licensed clinical social worker. I am currently licensed by the Association of Social Work Boards for the State of Texas and have been since 2020. I have been a clinical social worker for 2 years, and I have been a clinical therapist for the [redacted] department at [redacted] since 2021.

4. [redacted], a/k/a Jane Roe ("[redacted]"), was first seen at [redacted] on 08/02/2022. She reported the following symptoms on her intake: anger, anxiety, confusion, crying, depression, difficulty with decision making, easily startled, fatigue, guilt, helplessness, intrusive thoughts, irritability, isolation, loss of self-esteem, nightmares, shame, and sleep difficulties. Since 08/02/2022, I have provided counseling services to [redacted] with a focus on the Title IX proceeding at TCU. Counseling sessions are 50 minutes per session, one time per week. [redacted] continues to attend counseling once a week.

5. [redacted] reports that she was ordered to testify in a lawsuit Plaintiff John Doe ("Doe") brought against TCU. I have been told the Court allowed up to 4 hours of questioning of [redacted] regarding, among other things, her past sexual history with Doe.

6. I previously made a statement that, based on my professional education, training, and experience, as well as based on my specific experience as a licensed clinical social worker treating [redacted] for symptoms as described above, submitting [redacted] to a four-hour deposition, where she is cross-examined about the Title IX proceeding as well as her past sexual history with Doe, could be a trauma trigger, could cause [redacted] distress and could be negative to her mental health. My concern for [redacted] was that sitting for a deposition could also be detrimental to [redacted] current treatment because it may cause her progress to stall and fall behind as new treatment would likely focus on processing the deposition should it occur. In our most recent session (11/07/2022) [redacted]

reported that she experienced severe distress during questioning, and described feelings of fear and panic during the deposition. [redacted] described being re-traumatized during this experience and had difficulty relaying events of the deposition without experiencing fear and panic during our session. [redacted] reports experiencing clinically significant distress and impairment in social, occupational, and personal areas of functioning since the deposition.

7. During our session on 11/07/2022, [redacted] presented as distressed as evidenced by frequent crying throughout the session to the point of being unable to finish sentences at times, fidgeting, hunched posture, fluctuating speech patterns, and experiencing frequent and intense emotional changes. [redacted] was unable to describe the events of the deposition to me at this time due to her severe emotional response from reliving the events. All of these are common occurrences when a client recounts a traumatic experience in session. [redacted] made the statement that she would "rather be dead" than be required to testify another time. I assessed for immediate suicide risk in response to this statement and have concerns that additional testifying will further traumatize her and put her at risk for suicide.

8. As I originally feared, [redacted] and I have determined that processing events of the deposition and the negative effects it has had on her mental health are now a new counseling goal that we will focus on in the next few sessions until she has been able to return to a baseline and continue other trauma work for which she originally sought trauma counseling back on 08/02/2022.

9. While I have not seen the deposition video or read the transcript, in my clinical opinion, it seems clear that what [redacted] endured during the deposition has re-traumatized her based on her reports and my clinical observations during the session on 11/07/2022. It is also my clinical opinion, based on observation and direct conversation with [redacted], that this event has harmed her

mental health to the point she considers death to be a viable alternative to testifying. I have serious concerns about [redacted] short- and long-term mental health if she is forced to continue the deposition or to testify in court.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and within my personal knowledge.

Executed in Tarrant County, Texas, on this 10th day of November, 2022.

[redacted]

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOHN DOE,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TEXAS CHRISTIAN UNIVERSITY & VICTOR J. BOSCHINI, JR.,**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:22-CV-00297-O** |

**DECLARATION OF [redacted]**

| | |
|---|---|
| STATE OF TEXAS<br><br>COUNTY OF TARRANT | §<br>§<br>§ |

I, [redacted], declare as follows:

1. My name is [redacted]. I am over the age of twenty-one (21) years, of sound mind, and otherwise competent to make this declaration. My address is [redacted], [redacted].

2. I am a volunteer victim's advocate, certified by the Office of the Attorney General. I also serve as a subject matter expert on the Governor's Sexual Assault Survivor's Task Force. My role as a victim's advocate is to meet with victims when they present in a hospital for a forensic exam. I provide support, crisis management, and serve as a liaison between the victim and law enforcement. I also provide support via a 24-hour crisis hotline.

3. Due to my volunteer work and relationship with [redacted] family, I was asked to attend the deposition of [redacted] that occurred on November, 3, 2022. My understanding is a court order allowed [redacted] to have a non-lawyer advocate with her at the deposition.

4. As an advocate attending the deposition for [redacted] I witnessed badgering, hostile accusations, and questioning designed to intimidate, embarrass, and emotionally upset [redacted]. Mr. Fillmore, at one point, repeated thrice an accusation at [redacted] that she was lying and making the story up as she repeatedly denied his accusations.

5. [redacted] responded to his harsh accusations and line of questioning calmly initially, but as it escalated and she was pressed to relive the horrific details of each assault, she became very emotionally upset and appeared overwhelmed. She had to leave the room three separate times to try to regain her composure. Each time she exited, she had short, rapid breath, racing heartbeat, nausea, uncontrollable emotional outbursts, crying and she vomited multiple times. This is a common response for trauma victims when they are forced to relive and re-experience their trauma.

6. Each time [redacted] exited the deposition, she continued to respond as a trauma victim with the above mentioned symptoms. Two times, we were able to eventually calm her enough that she could attempt to continue to participate in the deposition.

7. However, the attorneys continued to badger and intimidate her to the point where she finally fled from the room and the building and threatened to harm herself if her father and I forced her to go back in and continue the deposition. Her father drove her away and communicated to her attorney that she was unable to return. The deposition concluded.

8. Based on what I witnessed at the deposition, based on my communications with [redacted] during and after the deposition, and based on my background working with trauma victims, I am very concerned that [redacted] will harm herself as a result of the deposition. I believe there is a

high degree of risk that [redacted] will harm herself if she is forced to continue with her deposition or testify regarding the underlying facts and circumstances of being sexually assaulted.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and within my personal knowledge.

Executed in Tarrant County, Texas, on this 11 day of November, 2022.

[redacted]

# EXHIBIT C

10707 11/10/22

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| John Doe<br>*Plaintiff*<br>v.<br>Texas Christian University<br>*Defendant* | ) ) ) ) ) | Civil Action No. 4:22-cv-00297-O |

## SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION

To: [redacted]

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the tim, date, and place set forthbelow to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: Eldon B. Mahon United States Courthouse<br>501 West 10th Street<br>Fort Worth, Texas 76102 | Courtroom No.: 2nd Floor Courtroom |
| | Date and Time: 01/09/2023 10:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: Not applicable

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/04/2022

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

H. Dustin Fillmore III

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Doe , who issues or requests this subpoena, are:

H. Dustin Fillmore III, 201 Main Street, Ste 700, FW, TX 76102 - dusty@fillmorefirm.com - 817-332-2351
Bryan D. Bruner, 3700 W. 7th Street, FW, TX 76107 - bbruner@brunerpc.com - 817-332-6633
Lynne B. Frank, 3700 W.7th Street, FW, TX 76107 - Lfrank@brunerpc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:22-cv-00297-O

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________

______________________________________________________________________

____________________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 120.00 .

My fees are $ __________ for travel and $ __________ for services, for a total of $ __________ .

I declare under penalty of perjury that this information is true.

Date: ______________ ________________________________
*Server's signature*

________________________________
*Printed name and title*

________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT D

# Jane Roe's Deposition Transcript App. 015 - 145 [slip sheet only]