UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00297 |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY and VICTOR J. BOSCHINI, JR., in his official capacity, | § § § | |
| | § | |
| *Defendants*. | § | |

### TEXAS CHRISTIAN UNIVERSITY'S CORRECTED RESPONSE TO NON-PARTY JANE ROE'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH AND BRIEF IN SUPPORT

Defendant Texas Christian University ("TCU") files this brief Corrected Response to Non-Party Jane Roe's Motion for Protective Order and Motion to Quash (ECF No. 131).

Two young people with a complicated, bewildering, and turbulent dating relationship[1] were together alone in a TCU residence hall room on August 19, 2020, for about an hour. Jane Roe contended Plaintiff John Doe sexually assaulted her during that hour—a contention that was supported by several seemingly unprompted written admissions by Plaintiff minutes after leaving her residence hall. In February 2021, Roe and Plaintiff's fathers met and worked out an agreement whereby Plaintiff would leave TCU and stay off campus in exchange for Roe not filing a report against him for sexual misconduct. Plaintiff left his fraternity house that same month and then did not enroll in classes for the Fall 2021 semester. Unfortunately, it did not end there. Plaintiff

---

[1] The text messages between Jane Roe and Plaintiff John Doe are before this Court as summary judgment evidence. *See* ECF Nos. 88–89.

decided to return to campus,[2] which, in turn, precipitated Roe filing a sexual misconduct report with TCU.  Ultimately, TCU resolved the report in a way that satisfied neither Roe nor Plaintiff.

Plaintiff filed this lawsuit against TCU.  Plaintiff did not file this lawsuit against Roe.  This is not a defamation case—this is a Title IX and breach of contract case.  On the merits of Plaintiff's Title IX claim against TCU, the narrow legal issue before this Court is straightforward—based on the evidence that TCU's hearing panel members had in front of them, was the portion of their decision that Plaintiff is upset with (*i.e.*, the panel's determination that it was more likely than not that Plaintiff engaged in sexual misconduct on August 19, 2020 and should be suspended for a year) "erroneous" ***and***, if it was erroneous, was that decision motivated by the fact that Plaintiff is male?  *See Klocke v. Univ. of Tex. at Arlington*, 938 F.3d 204, 210 (5th Cir. 2019).

Currently pending before the Court is TCU's Motion for Summary Judgment (ECF No. 93).  That Motion should be granted for all the reasons discussed in TCU's Brief (ECF No. 94) and TCU's forthcoming Reply to Plaintiff's Opposition.  A major premise behind Plaintiff's needing Roe's deposition testimony was responding to TCU's Motion for Summary Judgment.  *See* ECF No. 101 ("Doe believes it is important to obtain Ms. Roe's deposition testimony so that portions of such testimony can be used in responding to Defendant's Motion for Summary Judgment."); ECF No. 106 ("Plaintiff wants to go forward with the deposition as soon as possible because of his impending October 18 deadline to respond to Defendant's motion for summary judgment."); ECF No. 111 ("Plaintiff John Doe ('Doe') files this Second Emergency Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment because Doe has not been able to depose Jane Roe.").  Notably, on November 4, 2022, Plaintiff's counsel made

---

[2] Plaintiff did not re-enroll in classes for the Fall 2021 semester, but he "returned to campus" by attending campus-based events, and Roe continued to see him on TCU's campus, which led to her submitting the report.  *See* ECF No. 15, Pl.'s Appendix in support of his Motion for Preliminary Injunction, Exhibit 15 (App. 141), Exhibit 19 (App. 193).

plain before this Court that Plaintiff needs nothing further from Roe for this Court to resolve TCU's summary judgment motion—and Plaintiff has since filed his Opposition.

Regarding the merits of the dueling contempt and protective order motions, the dispositive legal questions in this case guide what lines of inquiry are relevant, and TCU echoes Roe's counsel's concern that Plaintiff's counsel used Roe's deposition not primarily as a means to discover relevant information about TCU's conduct hearing process or about any evidence of sex discrimination against Plaintiff during that process, but rather, ***to relitigate the underlying sex assault***—which case law is clear has no place in this type of lawsuit, where neither alleged defamation nor "the truth" about what happened are at issue.  *See, e.g., Gomes v. Univ. of Maine Sys.*, 365 F. Supp. 2d 6, 13 (D. Me. 2005) ("The Court is not asked to make an independent determination about what happened between the Plaintiff[] and the Complainant on [August 19, 2020.]").  It is irrelevant, then, to question Roe about "whether a sexual assault occurred, whether the acts were consensual, who among the Plaintiff[] and the Complainant is credible, and who is not."  *Id.* at 14; *see also Doe v. Univ. of So. Ind.*, 43 F.4th 784, 799 (7th Cir. 2022) ("We do not know just what happened between John and Jane on the night of [August 19, 2020], but that is not the question for federal courts on the merits of John's Title IX claim.").

Just by way of example, Plaintiff's counsel had many questions about whether Roe was wearing underwear (or "panties") during the Colby Hall Incident:  "So I want to know . . . you were wearing panties when he comes over to your dorm room, correct?"  Presumably, this was to test Plaintiff's newest theory as to why he could not have inserted his fingers into Roe's vagina because Roe was wearing impenetrable underwear.  As Plaintiff's counsel is well aware, though, the problem with this line of questioning is what Roe was wearing that night was already explored during TCU's student conduct hearing and neither Roe ***nor Plaintiff*** recalled what she was

wearing. Given this, questions at this point about whether she was wearing underwear on August 19th are irrelevant because this information was not before the hearing panel.

Roe should be protected from having to sit for another deposition because Plaintiff's counsel has nothing left to ask (given the Response to TCU's Motion for Summary Judgment already on file) and, even if there was something left to ask, Plaintiff's counsel had their chance to ask it—but instead wandered into irrelevant topics about what happened on August 19, 2020. Her motion should be granted.

As a final significant note, undersigned counsel is not a mental health professional and is certainly not qualified to question the alarming assertion made by Roe's counsel and mental health professional that Roe could be pushed to commit suicide if required to testify further.[3] If that is even a remote possibility, it is a clarion call for the 14 lawyers who have worked on this case involving the lives of two young people to put their heads together to develop a path to ensure this does not happen while ensuring that Plaintiff is not unfairly prejudiced. In any event, undersigned counsel certainly sees no basis for Plaintiff's counsel's blithe dismissal of the possibility that Roe could harm herself. At a minimum, this warrants proceeding with caution.

---

[3] Between TCU's student conduct hearing and her deposition, Roe has already been cross examined by Plaintiff's counsel for approximately nine hours.

Dated:  December 1, 2022                             Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Scott D. Schneider*
    Scott D. Schneider, *pro hac vice*
    Texas Bar No. 24054023
    scott.schneider@huschblackwell.com
    Samuel P. Rajaratnam
    Texas Bar No. 24116935
    sammy.rajaratnam@huschblackwell.com
    Caidi Davis, *pro hac vice*
    Texas Bar No. 24121557
    caidi.davis@huschblackwell.com

111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)

    Tracy Graves Wolf
    Texas Bar No. 24004994
    tracy.wolf@huschblackwell.com

1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6173
(214) 999-6170 (fax)

**ATTORNEYS FOR DEFENDANT
TEXAS CHRISTIAN UNIVERSITY**

## CERTIFICATE OF SERVICE

  I certify that this document was served on the below-listed counsel of record via email in accordance with the Federal Rules of Civil Procedure on December 1, 2022.

Brian Roark
brian@brianroark.com
BOTSFORD & ROARK
1307 West Avenue
Austin, Texas 78701

Bryan D. Bruner
bbruner@bjplaw.com
Lynne B. Frank
Lfrank@bjplaw.com
BRUNER & BRUNER, P.C.
3700 W. 7th Street
Fort Worth, Texas 76107

H. Dustin Fillmore, III
dusty@fillmorefirm.com
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 801
Fort Worth, Texas 76102

**ATTORNEYS FOR PLAINTIFF**

                */s/ Samuel P. Rajaratnam*
                Samuel P. Rajaratnam