IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    *Plaintiff*,<br><br>v.<br><br>TEXAS CHRISTIAN UNIVERSITY,<br><br>    *Defendant*. | Civil Action No. 4:22-CV-00297-O |

**PLAINTIFF JOHN DOE'S MOTION IN LIMINE
AND BRIEF IN SUPPORT THEREOF**

**TO THE HONORABLE U.S. DISTRICT JUDGE REED O'CONNOR:**

### I. Matters in Limine

Federal Rule of Evidence 103(d) states: "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Plaintiff John Doe sets forth matters that he believes would not be admissible and would be improper for any prospective and/or actual member of the jury to hear or consider. Doe submits that if any of the matters set forth below are presented to the venire or jury, it would irretrievably prejudice Doe's right to a fair and impartial trial. Accordingly, prior to voir dire and the introduction of evidence, Doe presents the following motion in limine and requests the Court to instruct Defendant TCU and TCU's respective agents, employees, representatives, witnesses, and counsel (collectively, TCU), not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, directly or indirectly (hereafter, "communicate"), the following matters without first establishing the admissibility of such matters outside the presence and hearing of the venire or jury:

**A.     TCU should not communicate any potential psychological or psychiatric explanation for any conduct of Jane Roe, including her maintaining a relationship with John Doe before and after the alleged sexual assaults or her decision to delay reporting the alleged sexual assaults to TCU.**

Jane Roe alleged that John Doe sexually assaulted her on two occasions, the alleged Colby Hall incident, and the alleged Austin incident. *Doe v. Tex. Christian Univ.*, No. 4:22-CV-00297-O, 2022 WL 1573074, at *1–2 (N.D. Tex. Apr. 29, 2022). Among the weaknesses of Roe's sexual assault claims are her decisions to maintain a relationship (including a sexual relationship) with Doe after both alleged incidents and her delay in claiming she had been sexually assaulted. *Id.* at *3. And the Court has noted the irrationality of TCU's acquittal of Doe for the alleged Austin incident but not Colby Hall because the same rational for acquitting Doe for the Austin incident is equally applicable to the alleged Colby Hall incident. *Id.* at *4.

TCU has retained Michael C. Gottlieb Ph.D. to provide the jury possible explanations for the decisions of some women to (a) continue a romantic relationship with an abusive partner, (b) comfort, deny, and defend their abuser's actions to the abuser themselves, and/or (c) delay reporting their mistreatment. *See generally* Doe's Motion to Strike (ECF No. 159), 1–6. However, Dr. Gottlieb has "no opinions regarding the personalities or psychological characteristics of either John Doe or Jane Roe." Doe's Appendix in Support of Motion to Strike (ECF No. 160), App. 007. And, as discussed at length in Doe's Motion to Strike, any attempt to provide a psychological or psychiatric explanation for such discordant conduct would require in-depth knowledge of the particular couple's relationship and psychiatric history and, even with such in-depth knowledge, there is seldom a single or direct explanation for any particular behavior including delay of reporting. Doe's Motion to Strike (ECF No. 159), 1–6.

Any effort to explain Roe's discordant conduct—through any witness—would be based on speculative, foundationless, pseudo-scientific assumptions and opinions concerning both Doe and Roe. For example, of necessity, Doe would be accused of systematically abusing Roe throughout their relationship, and Roe, of necessity, would be cast as the hapless victim of countless instances of abuse other than the two allegations of sexual assault at issue. Not only would this strategy greatly multiply the number of prejudicial allegations against Doe, TCU has no witness who is qualified to reach the psychological or psychiatric opinions necessary to explain Roe's discordant behavior. In the end, any such evidence would be without foundation, speculative, highly prejudicial to Doe, and inadmissible. *See* Fed. R. Evid. 401, 402, 403, 404, and 702; *cf. United States v. Murrah*, 888 F.2d 24, 26–27 (5th Cir. 1989) (confirming the impropriety of a prosecutor charging a "defendant with extrinsic offenses other than those specifically allowed by the Federal Rules of Evidence and interpretive jurisprudence") (citing, *inter alia*, Fed. R. Evid. 404).

**B.     TCU should not communicate any evidence within the scope of Federal Rules of Evidence 702, 703 or 705 that has not previously been disclosed in compliance with the Court's order concerning the designation of expert witnesses.**

TCU has designated three experts: Dr. Michael C. Gottlieb, TCU attorney Scott Schneider, and TCU attorney Tracy Wolf. *See* Appendix in Support of Doe's Motion to Strike (ECF No. 160), App. 001–5. Because the issue of attorney's fees is reserved for the Court following trial (Federal Rule of Civil Procedure 54 (d)(2)), TCU's only trial expert is Dr. Gottlieb. *Id.*

TCU should not communicate any opinion from Dr. Gottlieb for the reasons set forth in Doe's Motion to Strike. *See* Doe's Motion to Strike (ECF No. 159), 1–6. In the event the Court denies Doe's Motion to Strike, TCU should not communicate any opinion from Dr. Gottlieb that is not set forth in his report, including any opinion regarding the personalities or psychological

characteristics of either John Doe or Jane Roe. *See* Doe's Appendix in Support of Motion to Strike (ECF No. 160), App. 001, 006–15. Finally, TCU should not communicate any evidence within the scope of Federal Rules of Evidence 702, 703 or 705 from any *other* person because TCU has not designated any other person as a witness "it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A), (C).

C.  **TCU should not communicate the content of any electronic communication (regardless of the specific type) between John Doe and Jane Roe that was not submitted to TCU by either John Doe or Jane Roe prior to the commencement of TCU's Title IX hearing.**

John Doe and Jane Roe provided TCU their electronic communications that they each wanted TCU's Title IX jurors to consider at the panel hearing. Neither provided TCU all the electronic communications that had occurred between them over the course of their relationship. Going beyond the scope of electronic communication that was presented to TCU prior to the commencement of the Title IX hearing (January 28, 2022) would open up a pandora's box of collateral issues that would needlessly complicate the trial, and both distract and confuse the jury from and concerning the issues it must decide. Moreover, to the extent any of these communications may have a veneer of relevance, the prejudicial effect of this evidence will outweigh any probative value. Thus, Doe submits that electronic communications between John Doe and Jane Roe that were not submitted to TCU prior to the commencement of TCU's Title IX Conduct Panel hearing are inadmissible. *See* Fed. R. Evid. 401, 402, 403, and 404.

D.  **TCU should not communicate the content of any electronic communication (regardless of the specific type) between John Doe's father and Jane Roe's father that was not submitted to TCU by either John Doe or Jane Roe prior to the commencement of TCU's Title IX hearing.**

John Doe's father and Jane Roe's father electronically communicated with each other concerning Jane Roe's complaints against John Doe and to informally resolve those complaints. To the extent that those electronic communications were not provided to TCU prior to the commencement of the Title IX hearing, they should be excluded as evidence in the trial of this matter for the same reasons set forth above in paragraph C. *See* Fed. R. Evid. 401, 402, 403, 404, and 408.

## II. Prayer for Relief

Plaintiff John Doe respectfully requests the Court to grant the foregoing Motion in Limine and to enter an Order instructing Defendant TCU and its agents, employees, representatives, witnesses, and counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, the matters set forth above without first establishing the admissibility of such matters outside the presence and hearing of the jury.

Respectfully submitted:

By: *H. Dustin Fillmore III*
H. Dustin Fillmore III
State Bar No. 06996010
The Fillmore Law Firm, L.L.P.
201 Main Street, Suite 700
Fort Worth, Texas 76102
817-332-2351 – Office
817-870-1859 – Fax
dusty@fillmorefirm.com

Bryan D. Bruner
State Bar No. 03252475
Lynne B. Frank
State Bar No. 24087215
Bruner & Bruner, P.C.
3700 W. 7th Street
Fort Worth, Texas 76107
817-332-6633 – Office
817-332-6619 – Fax
bbruner@brunerpc.com

Lfrank@brunerpc.com

Brian Roark
State Bar No. 00794536
Botsford & Roark
1307 West Avenue
Austin, Texas 78701
512-476-1900 – Office
512-479-8040
Admitted pro hac vice

*Counsel for Plaintiff John Doe*

### Certificate of Conference

The undersigned certifies that he conferred with counsel for TCU on Friday, December 9, 2022 and Monday, December 12, 2022 concerning numerous limine topics, including those raised by this motion. Counsel for the respective parties were unable to reach an agreement concerning the limine topics that are the subject of the instant Motion. Plaintiff limited his Motion in Limine to the topics that are actually in dispute in compliance with paragraph 8. e. of the Court's Scheduling Order (ECF No. 48). Accordingly, Plaintiff's Motion in Limine is submitted to the Court for determination.

*H. Dustin Fillmore III*

### Certificate of Service

The undersigned certifies that on December 12, 2022, a true and correct copy of this document was served on counsel for TCU via the Court's electronic filing system, CM/ECF.

*Lynne B. Frank*
