UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00297-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER ON PLAINTIFF TEXAS CHRISTIAN UNIVERSITY'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Defendant Texas Christian University's ("TCU") Motion for Summary Judgment (Mot., ECF No. 93) and Brief in Support (Def.'s Br., ECF No. 94), both filed September 19, 2022; Plaintiff John Doe's Response in Opposition (Resp., ECF No. 139) and Brief in Support (Pl.'s Br., ECF No. 140), both filed November 21, 2022; and Defendant TCU's Reply (Reply, ECF No. 161), filed December 5, 2022.[1] Having considered the briefing, the facts and applicable law, the Court **DENIES** TCU's motion.

### I.   BACKGROUND

Plaintiff John Doe and his former girlfriend, Non-Party Jane Roe, had a romantic and sexual relationship while they were in high school and continued dating through Doe's first year as an undergraduate student at TCU. Though they ended their formal dating relationship prior to Roe's subsequent enrollment as a TCU student in the fall of 2020, their sexual relationship continued for some time into that fall semester. Sometime after their relationship ended, Roe filed

---

[1] Also still pending before the Court is Plaintiff's Second Emergency Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (ECF No. 111), filed October 12, 2022. Because this motion was addressed through a partial temporary stay (*see* Orders, ECF Nos. 114, 118), the motion is moot.

a formal complaint with TCU alleging that Doe sexually assaulted her on two occasions. The University subsequently instituted a Title IX proceeding against Doe and found him responsible for one allegation but not the other. As a result, Doe was immediately suspended until May 2023. After an unsuccessful institutional appeal, Doe filed this lawsuit against TCU alleging Title IX violations and breach of contract. TCU has moved for summary judgment on all claims and the motion is now ripe for review.

## II.      LEGAL STANDARD

To prevail on summary judgment, TCU must show that there is "no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The substantive law identifies the facts that are material. *Id*.

The movant must inform the Court of the basis for its motion and identify the portions of the record that reveal there are no genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must then "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 325). If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the Court must grant summary judgment. *Celotex*, 477 U.S. at 322. In that situation, no genuine dispute of material fact can exist, as the failure to establish an essential element of the claim "necessarily renders all other facts immaterial." *Id.* at 323.

In its summary judgment analysis, the Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

"Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id*. And if there appear to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250.

### III. ANALYSIS

#### A. TCU Is Not Entitled to Summary Judgment on Doe's Title IX Claim

In relevant part, Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. 20 U.S.C. § 1681(a). Doe's Complaint alleges claims against TCU under two well-established theories of Title IX liability: "erroneous outcome" and "selective enforcement," both of which are common methods of demonstrating gender discrimination. *Yusuf v. Yassar College*, 35 F.3d 709 (2d Cir. 1994). However, Doe also asserts a claim under the recently adopted and more general *Purdue* standard. While Title IX claims have historically been brought under the former well-established theories of liability—which remain viable means of raising Title IX challenges—the Fifth Circuit recently confirmed that such claims need not fit precisely within those theoretical frameworks. *Overdam v. Texas A&M Univ.*, 43 F.4th 522, 527 (5th Cir. 2022). Rather, to bring a cognizable claim for violation of Title IX, Doe need only establish that "**the alleged facts, if true, raise a plausible inference that the university discriminated against [him] on the basis of sex.**" *Id.* (emphasis added).[2]

Among other factual issues, the parties still dispute the import of evidence that may indicate potential gender bias, such as the TCU panel's arguably (1) irrational result (i.e., finding Doe

---

[2] TCU's argument that the *Yusuf* frameworks (erroneous outcome and selective enforcement) are "consistent with" the *Purdue* standard does not mean they require identical analysis.

responsible for one allegation but not the other based on the same supporting evidence),[3] (2) myriad procedural flaws (e.g., exclusion of exculpatory evidence in violation of Title IX regulations and TCU's own policies, and consolidation of complaints), and (3) statements by key TCU officials tending "to show the *influence* of gender" as a possible motivating factor in the panel's disciplinary decision. *Yusuf*, 35 F.3d at 715 (emphasis added).[4]

While TCU is correct that "mere disagreement with how TCU's decision-makers weighed the evidence [presented during the Title IX hearing]" does not, on its own, give rise to an inference of gender bias, the Court finds that Doe's combined evidence (numerous procedural irregularities and indication that gender may have influenced the panel decision) is sufficient to raise a plausible inference that TCU's decision was a result of his sex. For example, TCU contests Doe's allegation that the panel improperly excluded exculpatory evidence (an indication of gender bias) because key evidence was, in fact, heard by the panelists.[5] However, the panel's Deliberative Report indicates that that particular evidence was "not to [be] consider[ed]," "discussed or referenced" by the panel in making their determination.[6] And TCU has not produced any contrary evidence showing the panelists did not comply with those express instructions. Clearly, there is a genuine

---

[3] Pl.'s Br. 31–32, ECF No. 140. TCU has not adequately persuaded the Court that this issue is one of "mere disagreement" with the panel's weighing of the evidence rather than a genuine dispute of material fact about whether the panel's decision indicates gender bias. *See* Reply 4, 4 n.4, ECF No. 161.

[4] TCU suggests that the panelists are entitled to a "presumption of honesty," which applies in the context of challenges to administrative agency proceedings generally. But that presumption is not applicable here where well-established Title IX case law clearly identifies what evidence might serve as indicia of gender bias. *Compare* Def.'s Br. 21–22, ECF No. 93 (quoting *Baran v. Port of Beaumont Nav. Dist. Of Jefferson Ct.*, 57 F.3d 436, 446 (5th Cir. 1995), a decision address constitutional issues raised in the context of administrative agency investigative/enforcement proceedings, in support of claim that the TCU panel is entitled to a "presumption of honesty" absent a showing of *actual bias*) *with Yusuf*, 35 F.3d at 715 (noting that even statements that "tend to show the influence of gender" serve as potential indicia that gender bias was a motivating factor in an flawed Title IX proceeding).

[5] Reply 17, ECF No. 161 (noting Roe's "I don't think it's rape" text was heard by panelists on several occasions).

[6] App. in Supp. of Pl.'s Resp. 490, ECF No. 143-1.

dispute over this material fact. Taken together with the remaining factual disputes, the Court finds that TCU has failed to carry its burden to show that no reasonable jury could find in Doe's favor.

Thus, having considered the applicable legal standard, the parties' briefing and evidence, and drawing all reasonable inferences in Doe's favor, the Court finds that there remain genuine disputes over whether sex may have been a motivating factor in TCU's disciplinary proceedings, such that the issue is properly reserved for a jury. *See Doe v. Univ. of Denver*, 1 F.4th 822, 830 (10th Cir. 2021). TCU's motion for summary judgment on the Title IX claim is **DENIED**.

### B. TCU Is Not Entitled to Summary Judgment on Doe's Breach of Contract Claim

Under Texas law, the essential elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). To prevail on summary judgment on the breach of contract claim, TCU must demonstrate that Doe has provided nothing but "merely colorable" evidence in support of an essential element of his claim. *Anderson*, 477 U.S. 242, 249 (1986). It has not carried its burden.

Here, TCU challenges Doe's breach of contract claim on its first, third, and fourth elements.[7] With regard to the contract's existence, Doe contends that the parties have in fact formed a contractual relationship (either express or implied),[8] and points to three potential

---

[7] Def.'s Br. 29–38, ECF No. 93.
[8] TCU argues that Doe cannot, for the first time on summary judgment, raise "a new claim that was never raised in Plaintiff's Complaint [because] Plaintiff never explicitly raises a 'breach of implied contract' claim or even alludes to an implied contract—and it is too late to be advancing new claims." Reply 23, ECF No. 161 (quoting *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.")). However, all Doe has pled in his Complaint is a general breach of contract claim (Count II), not breach of an "express" contract. Am. Compl. ¶¶ 167–71, ECF No. 40. Thus, TCU's argument that Doe is precluded from making an argument for the existence of a valid contract—either express or implied—is not an attempt to raise an entirely "new claim" on summary judgment.

contractual sources: the University's Bill of Rights, the Student Code of Conduct, and University Policies 1.008 and 1.009. TCU counters that each of these contain either express disclaimers or are routinely revised—facts the University says clearly indicate it had no intent to be contractually bound by their terms.[9] But Doe has identified several provisions in each that may fairly provide a reasonable jury with evidence that TCU intended to be contractually bound.[10] Thus, the Court finds that there remains a genuine issue of material fact on this point.

With respect to the element of breach, Doe points to the TCU panel's allegedly unfair disciplinary proceedings contrary to TCU's commitments to abide by the same in its Code and Policies 1.008, 1.009. If these policies constitute a contract, TCU's failure to abide by them (ample evidence of which has been noted above) is evidence of a breach. For this reason, the Court finds that Doe has offered far more than "merely colorable" evidence in support of TCU's breach, leaving a genuine dispute of material fact for the jury.

Finally, despite TCU's strong opposition, the Court finds that Doe has provided sufficient evidence of his <u>economic</u> damages which are not "entirely speculative."[11] Doe also claims mental anguish damages. However, Doe has offered no competent summary judgment evidence—indeed, he cites to no evidence *at all*—of the serious emotional injury he allegedly has suffered as a result of TCU's purported breach of contract. Moreover, such damages are rarely ever afforded in breach of contract claims, and only where such emotional disturbance is a foreseeable and particularly likely result of breach. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 677 (5th Cir. 2020), *aff'd* 142 S. Ct. 1562 (2022). The Court finds that Doe has no viable claim for this sort of damages.

---

[9] *Id.* at 30–31.
[10] Pl.'s Br. 41–44, ECF No. 140.
[11] *See* App. in Supp. of Pl.'s Resp. 877–955, ECF No. 144-1.

TCU also argues that Doe cannot establish this element because, if he prevails on his Title IX claim, his finding of responsibility *will* be cleared from his record and his claim for loss of future earnings based on a tarnished record will necessarily disappear.[12] Doe contends, however, that even if he does prevail on his Title IX claim, his record will be cleared *only if* his request to this Court for equitable relief (expungement of his record) is granted.[13] The parties clearly dispute the effect of a favorable ruling on Doe's economic damages claim, and the parties have not briefed the issue adequately to permit the Court to decide as a matter of law that TCU is entitled to summary judgment. Thus, TCU's motion for summary judgment on the breach of contract claim is **DENIED**.

### IV.   CONCLUSION

For the reasons stated, TCU's motion for summary judgment is **DENIED**, except with respect to Doe's claim for damages based on emotional distress. Doe's pending Emergency Motion for Extension of Time to Respond (ECF No. 111) is **DENIED as moot**.

**SO ORDERED** on this **13th day** of **December, 2022**.

*Reed O'Connor*
**UNITED STATES DISTRICT JUDGE**

---

[12] Reply 25 n.65, ECF No. 161.
[13] Pl.'s Br. 48, ECF No. 140.