UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00297-O |
| § | |
| TEXAS CHRISTIAN UNIVERSITY, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court are Plaintiff John Doe's Emergency Motion to Hold Non-Party Jane Roe in Contempt of Court and to Compel Roe's Deposition (ECF No. 125), filed November 9, 2022; Non-Party Jane Roe's Response to Motion to Hold in Contempt and Motion to Compel Deposition and Jane Roe's Motion for Protective Order and Motion to Quash (ECF No. 131), filed November 14, 2022; Plaintiff's Reply to Non-Party Jane Roe's Response to Plaintiff John Doe's Emergency Motion to Hold Non-Party Jane Roe in Contempt of Court and to Compel Roe's Deposition (ECF No. 136), filed November 17, 2022; Plaintiff's Response in Opposition to Non-Party Jane Roe's Motion for Protective Order and Motion to Quash (ECF No. 150), filed November 30, 2022; Defendant's Corrected Response to Non-Party Jane Roe's Motion for Protective Order and Motion to Quash (ECF No. 158), filed December 1, 2022; and Non-Party Jane Roe's Reply in Support of Motion for Protective Order and Motion to Quash (ECF No. 162), filed December 5, 2022. The parties have briefed their cross-motions and the issues are ripe for review.

I.    BACKGROUND

Plaintiff John Doe's and Non-Party Jane Roe's cross-motions arise from Roe's recent deposition, which occurred November 3, 2022. Among other things, both parties accuse the other of egregious conduct that supports their opposing motions to compel or quash the remainder of

Roe's deposition. To briefly summarize, mid-way through the deposition, Roe terminated questioning and left the building, claiming that Doe's counsel engaged in harassing and oppressive conduct. Doe, on the other hand, claims that Roe engaged in improper conduct—evasive testimony and uncooperative behavior—and unilaterally terminated her deposition without a legitimate basis for doing so. He says this conduct justifies a finding of contempt and moves to compel the remainder of Roe's Court-ordered deposition. In response, Roe moves for a protective order and to quash (i) the remainder of her deposition testimony and (ii) Doe's subpoena requiring her to testify at the parties' upcoming trial in January.

Having considered the parties' briefing, supporting evidence, and applicable law, the Court **DENIES** Doe's Motion to Hold Non-Party Jane Roe in Contempt, **GRANTS in part** Doe's Motion to Compel (ECF No. 125), and **DENIES in part** Roe's Motion for Protective Order and Motion to Quash (ECF No. 131). The Court will not address Roe's motion with respect to the trial subpoena in this Order and reserves resolution of that issue for a later date.

**II.    DOE'S MOTIONS TO HOLD ROE IN CONTEMPT OF COURT AND TO COMPEL DEPOSITION**

This Court has inherent authority and discretion to enforce its own orders. *Degen v. United States*, 517 U.S. 820, 827 (1996); *see also* FED. R. CIV. P. 45(g) ("The court . . . may hold in contempt a person who . . . fails without adequate excuse to obey [a] subpoena or an order related to it."). When a party seeks a civil contempt order, the movant must establish, "by clear and convincing evidence, '(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order.'" *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002) (quoting *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)). A refusal to answer questions after being directed to do so by the Court may be grounds for civil contempt. *In re Corrugated Container Anti-Trust*

*Litigation*, 620 F.2d 1086, 1090 n.3 (5th Cir. 1980) (quoting *Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.*, 27 F.R.D. 476, 4779 (D. Del. 1961)).

The Court has reviewed the deposition transcript and video footage in their entirety. Despite the fact that she did offer some evasive responses throughout her deposition, the Court agrees with Roe that she was not ordered to answer specific questions and that a finding of contempt on this basis is improper. Nor is the Court persuaded that her referral back to her Title IX testimony regarding the details of the alleged assaults—without the Court's specific resolution of this issue prior to deposition—qualifies as contempt-worthy conduct. Finally, the Court does not find that her unilateral termination of the deposition justifies a finding of contempt.

A movant has a right to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent." FED. R. CIV. P. 30(d)(3)(A). Such motion is to be made during the deposition and, if the objecting party demands, the deposition must be suspended until the Court resolves the motion. *Id.*; *Homes v. N. Tex. Health Care Laundry Coop. Ass'n*, No. 3:15-CV-2117-L, 2016 WL 2609995, at *3 (N.D. Tex. May 6, 2016).

The parties dispute whether Roe satisfied Rule 30's requisite procedural requirements prior to terminating her deposition. Doe claims that Roe should have formally moved to terminate the deposition while questioning was ongoing. Because Roe did not formally so "move," as required by the Rule, Doe argues she should be held in contempt. To the contrary, Roe claims she properly, and on the record, "reserve[d] [her] rights to seek redress" with the Court as required, which she says clearly satisfies the requirements of Rule 30. Though the Court does not find that Doe's counsel's behavior amounted to bad faith harassment,[1] the Court agrees that Roe's counsel

---

[1] Repetitive question asking where a deponent has offered evasive answers is not harassment. *See, e.g.*, *Kasparov v. Ambit Tex., LLC*, No. 3:16-cv-3206-G-BN, 2017 WL 4842350, at *6 (N.D. Tex. Oct. 26, 2017)

adequately moved to terminate the deposition on his good faith belief that his client was being subjected to unreasonably embarrassment and oppression. Thus, the Court does not find contempt appropriate here and **DENIES** Doe's motion for the same.

Doe also moves to compel Roe to finish her deposition. Rule 37 permits a party to move the Court for an order compelling another party (or here, non-party) for cooperation in discovery. FED. R. CIV. P. 37(a)(1). The Court has some discretion to award attorneys' fees to the movant depending on the ultimate disposition of the motion. FED. R. CIV. P. 37(a)(5).

Although the Court does not find Roe in contempt of Court based on her deposition testimony thus far, or for terminating her deposition on the good faith (albeit somewhat misguided) belief that Doe's counsel was engaging in improper conduct, the Court finds that completion of her testimony is necessary in light of Doe's need for information, which the Court has analyzed extensively in its prior decisions litigating the relevance of Roe's testimony to this lawsuit. *See* Orders, ECF Nos. 96, 118. Based on its prior reasoning, which it incorporates here by reference, the Court **GRANTS in part** Doe's motion to compel, subject to the additional protective conditions outlined below.

---

(finding that counsel did not "cross the line in asking questions multiple times if counsel believes the witness has not given a responsive answer. . . . '[D]epositions have more flexibility than interrogatories because they permit an attorney to ask follow-up questions based on answer to previous questions or repeat questions if a deponent is being evasive'") (cleaned up); (*Carroll v. Jaques*, 926 F. Supp. 1282, 1289 (E.D. Tex. 1996) (finding that Plaintiff's counsel's repetitive questions were necessitated by the deponent's unwillingness to answer questions and did not constitute "harassment" sufficient to absolve a party's contempt). Nor is the Court persuaded—again, having reviewed the entire deposition recording—that Doe's counsel's conduct as a whole qualifies as bad faith behavior that he engaged in for the express purpose of harassing, oppressing, or needlessly embarrassing Roe.

In addition, Roe cites to Federal Rule of Evidence 412, and asks this Court to protect Roe from having to undergo any further invasion of privacy, embarrassment, or sexual stereotyping associated with questions related to her sexual history. Doe's counsel did not violate this rule, as none of his questions pertained to Roe's *other sexual behavior* or her *sexual predisposition* as it related to anyone other than Doe. Indeed, the Court crafted its prior Orders (ECF Nos. 96, 118) with this specific Rule in mind.

### III. ROE'S MOTIONS FOR PROTECTIVE ORDER AND TO QUASH COMPLETION OF HER DEPOSITION

Under Rule 26, a movant may ask the Court, "for good cause," to issue a protective order "to protect [her] from annoyance, embarrassment, oppression, or undue burden" in the course of discovery. FED. R. CIV. P. 26(c)(1). Good causes requires a specific demonstration of such embarrassing or oppressive conduct. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Under Rule 45, the Court "*must* quash or modify" a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv) (emphasis added). The party opposing the subpoena has the burden of proving that compliance would be "unreasonable and oppressive," a fact-specific determination for which courts consider several items: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (cleaned up) (applying the rule to subpoenas duces tecum).

Generally, "modification of a subpoena is preferable to quashing it outright." *Id.* at 818. This is in keeping with the general rule that discovery rules are to be broadly and liberally construed. *Aderholt v. Bureau of Land Mgmt.*, No. 7:15-CV-00162, 2016 WL 11782267, at *2 (N.D. Tex. Oct. 30, 2016). When imposing limitations on discovery, courts have broad discretion to craft appropriate protective orders. *See* Fed. R. Civ. P. 26(c)(1); *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Roe employs both Rule 26 and Rule 45 to ask this Court to protect her from any further participation in this litigation—including completion of her (twice-litigated and Court-ordered) deposition and from having to appear at trial. Upon terminating the deposition, Roe's counsel cited Doe's counsel's purportedly oppressive conduct, including repeated questioning (despite her

5

counsel's objection and Roe's refusal to answer) about the details of Roe's alleged sexual assaults. Roe characterizes Doe's counsel's conduct as bad faith, purposeful harassment that justifies a protective order or quashing. As noted above, the Court does not find that Doe's counsel's conduct meets that threshold. However, Roe also raises new evidence of the undue burden associated with her recent deposition and the stress of further participation in this lawsuit.

In support of her motions for a protective order and to quash, Roe has produced multiple supporting affidavits indicating the burden that participation in this lawsuit has imposed on her. This evidence includes affidavits from Roe's treating counselors regarding their belief that requiring Roe's further participation in this lawsuit may pose a suicide risk, as Roe has made statements that she considers death a viable alternative to offering further testimony about the sexual assault allegations which gave rise to this lawsuit between Doe and TCU. Roe's parents have also provided affidavits indicating Roe has dropped out of her classes for the remainder of the semester and moved home to live with her parents in the interim.

The Court has reviewed all of the affidavits, as well as the deposition transcript and corresponding video footage in their entirety. The Court takes each into consideration in issuing this ruling. As noted above, the Court does not find that Doe's counsel's conduct rises to the level of bad faith or purposeful harassment that justifies quashing the remainder of Roe's deposition. Moreover, the Court's prior reasoning with respect to Doe's need for discovery from Roe still stands. In light of Roe's proffered evidence regarding the increased burden that compelling her testimony has imposed, however, the Court finds that additional protections are necessary to protect her from any undue burden that may come with requiring her to complete her deposition.

Accordingly, the Court **ORDERS** that Roe complete her deposition under the following conditions:

1. Roe's deposition shall be held at **1:30pm** on **Tuesday, December 27th, 2022** in the 2nd Floor Courtroom of the Federal Courthouse in Forth Worth (501 West 10th Street, Fort Worth, Texas 76102);

2. The time allotted for completion of Roe's deposition is **one hour and forty-five minutes**;

3. The undersigned shall preside over the deposition, shall decide any objections and relevancy determinations, and shall monitor any purportedly inappropriate behavior on the part of either party; and

4. Unless otherwise jointly stipulated by the parties, the parties' prior agreements with respect to the number of attorneys and additional persons who may be present during the deposition shall apply.

The Court has balanced Roe's stated hardship with Doe's need to obtain relevant information and, in its discretion, finds that modifying Roe's deposition accordingly is more appropriate than quashing it outright. For purposes of monitoring the deposition and relevancy of any of Doe's questions throughout, the Court **ORDERS** Plaintiff to file on the docket a **SEALED** transcript of Roe's prior testimony given during the Title IX panel hearing **no later than December 16, 2022** for the Court's review.

### IV.  CONCLUSION

For the reasons stated, the Court **DENIES** Doe's Motion for Contempt, **GRANTS in part** Doe's Motion to Compel (ECF No. 125) and **DENIES in part** Roe's Motion for Protective Order and Motion to Quash (ECF No. 131). The Court leaves the remainder of Roe's Motion to Quash with respect to her trial testimony for later resolution. Any relief requested by Doe that was not expressly granted herein is **DENIED**.

**SO ORDERED** on this **15th day** of **December, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

8